UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUKASZ RUDKOWSKI,

                Plaintiff,

       v.

    Case No. 1:17-cv-03647 (DAB) (JCF)

MIC NETWORK, INC.

               Defendant.

## DEFENDANT MIC NETWORK, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Cowan, DeBaets, Abrahams
& Sheppard LLP

Eleanor M. Lackman
Marissa B. Lewis
41 Madison Avenue, 38th Floor
New York, NY 10010
Tel.: (212) 974-7474

*Attorneys for Defendant Mic Network, Inc.*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ iii

PRELIMINARY STATEMENT ........................................................................................1

FACTUAL BACKGROUND..............................................................................................2

ARGUMENT .......................................................................................................................3

     I.     MIC'S USE OF THE SCREENSHOT IS A NON-ACTIONABLE *DE MINIMIS* USE ...................................................................................................4

     II.    MIC'S USE OF THE SCREENSHOT TO COMMENT AND REPORT ON THE NEWSWORTHY EVENTS DEPICTED IN THE VIDEO IS A FAIR USE ...................................................................................6

          a.     The Purpose and Character of Mic's Use Favors Fair Use................7

          b.     The Nature of the Copyrighted Work Favors Fair Use.....................10

          c.     The Amount and Substantiality of Use Favors Fair Use .................11

          d.     The Effect of the Use on the Potential Market Favors Fair Use ...................................................................................................12

     III.    PLAINTIFF'S COPYRIGHT INFRINGEMENT CLAIM SHOULD BE DISMISSED FOR LACK OF A VALID COPYRIGHT REGISTRATION ............................................................................................13

     IV.    PLAINTIFF HAS NOT PLEADED ANY FACTS THAT WOULD ENTITLE HIM TO THE ENHANCED DAMAGES REQUESTED IN HIS PRAYER FOR RELIEF .........................................................................15

CONCLUSION..................................................................................................................17

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adjimi v. Dlt Entm't Ltd.*,
    97 F. Supp. 3d 512 (S.D.N.Y. 2015)................................................................7

*Allen v. WestPoint-Pepperell, Inc.*,
    945 F.3d 40 (2d Cir. 1991)..............................................................4, 5, 7

*Amini Innovation Corp. v. KTY Mktg.*,
    768 F. Supp. 2d 1049 (C.D. Cal. 2011) ........................................................16

*Amsinck v. Columbia Pictures Indus., Inc.*,
    862 F. Supp. 1044 (S.D.N.Y. 1994)..........................................................12

*Arrow Prods., LTD. v. Weinstein Co. LLC*,
    44 F. Supp. 3d 359 (S.D.N.Y. 2014)..........................................................7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).........................................................................3, 16

*Authors Guild v. Google, Inc.*,
    804 F.3d 202 (2d Cir. 2015)..........................................................6, 11, 12

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).........................................................................3, 16

*Bill Graham Archives v. Dorling Kindersley Ltd.*,
    448 F.3d 605 (2d Cir. 2006)..........................................................8, 12

*Blanch v. Koons*,
    467 F.3d 244 (2d Cir. 2006)..........................................................10, 12

*Braun v. Client Servs. Inc.*,
    14 F. Supp. 3d 391 (S.D.N.Y. 2014)..........................................................16, 17

*Burnette v. Carothers*,
    192 F.3d 52 (2d. Cir. 1999)..............................................................3

*BWP Media USA Inc. v. Hollywood Fan Sites, LLC*,
    69 F. Supp. 3d 342 (S.D.N.Y. 2014)..........................................................14

*Campbell v. Acuff-Rose Music, Inc.*,
    510 U.S. 569 (1994)........................................................... *passim*

*Cariou v. Prince*,
    714 F.3d 694 (2d Cir. 2013)..........................................................7, 12

*DeBitetto v. Alpha Books*,
  7 F. Supp. 2d 330 (S.D.N.Y. 1998)..............................................................................6

*Dhillon v. Does 1-10*,
  No. 13-cv-1465, 2014 WL 722592 (N.D. Cal. Feb. 25, 2014) ...................................9

*FireSabre Consulting LLC v. Sheehy*,
  No. 11-cv-4719 (CS), 2013 WL 5420977 (S.D.N.Y. Sept. 26, 2013)......................10

*Fox News Network, LLC v. TVEyes, Inc.*,
  43 F. Supp. 3d 379 (S.D.N.Y. 2014).............................................................................8

*Gattoni v. Tibi, LLC*,
  No. 16 Civ. 7527 (RWS), 2017 WL 2313882 (S.D.N.Y. May 25, 2017) ...............15

*Gottlieb Dev. LLC v. Paramount Pictures Corp.*,
  590 F. Supp. 2d 625 (S.D.N.Y. 2008)...........................................................................4

*International Diamond Imps., Inc. v. Oriental Gemco (N.Y.), Inc.*,
  64 F. Supp. 3d 494 (S.D.N.Y. 2014)....................................................................14, 15

*Kanongataa v. Coed Media Group, LLC*,
  No. 16-cv-07472 (LAK) (S.D.N.Y. Feb. 15, 2017)..................................................5, 6

*Katz v. Chevaldina*,
  No. 12-cv-22211, 2014 WL 2815496 (S.D. Fla. June 17, 2014).................................9

*Keeling v. Hars*,
  809 F.3d 43 (2d Cir. 2015)...............................................................................6, 7, 8

*Kelly-Brown v. Winfrey*,
  717 F.3d 295 (2d Cir. 2013)..........................................................................................7

*Lebow v. Am. Trans Air, inc.*,
  86 F.3d 661 (7th Cir. 1996) .......................................................................................16

*Leveyfilm, Inc. v. Fox Sports Interactive Media, LLC*,
  No. 13-4664, 2014 WL 3368893 (N.D. Ill. July 8, 2014) ........................................9

*Louis Vuitton Malletier S.A. v. Warner Bros. Entm't Inc.*,
  868 F. Supp. 2d 172 (S.D.N.Y. 2012)...........................................................................5

*Mosca v. Yankee Publ'g Inc.*,
  No. 2:15-cv-266, 2015 WL 9304738 (D. Me. Nov. 25, 2015) ................................16

*Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g. Co.*,
  No. 09 Civ. 2669 (LAP), 2012 WL 1021535 (S.D.N.Y. Mar. 26, 2012) ................14

*National Ass'n of Freelance Photographers v. Assoc. Press*,
    No. 97 CIV. 2267 (DLC), 1997 WL 759456 (S.D.N.Y. Dec. 10, 1997)...............................15

*New Era Publ'ns Intern., ApS v. Carol Publ'g. Grp.*,
    904 F.2d 152 (2d Cir. 1990)...........................................................................................11

*Newton v. Penguin/Berkley Publ'g. USA*,
    No. 13-cv-1283 (CM), 2014 WL 505191 (S.D.N.Y. Jan. 28, 2014) ........................................4

*Nunez v. Caribbean Int'l News Corp.*,
    235 F.3d 18 (1st Cir. 2000).............................................................................................9

*Poindexter v. EMI Record Grp. Inc.*,
    No. 11-cv-559 (LTS) (JLC), 2012 WL 1027639 (S.D.N.Y. Mar. 27, 2012).........................6

*Sandoval v. New Line Cinema Corp.*,
    147 F.3d 215 (2d Cir. 1998).............................................................................................4

*Sarl Louis Feraud Int'ls v. Viewfinder Inc.*,
    627 F. Supp. 2d 123 (S.D.N.Y. 2008)...............................................................................9

*Scott v. WorldStarHipHop, Inc.*,
    No. 10-cv-9538, 2011 WL 5082410 (S.D.N.Y. Oct. 25, 2011)...........................................11

*Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P.*,
    756 F.3d 73 (2d Cir. 2014)..........................................................................................8, 10

*Synopsys, Inc. v. Atop Tech, Inc.*,
    13-cv-02965, 2013 WL 5770542 (N.D. Cal. Oct. 24, 2013) .............................................17

*TechnoMarine SA v. Jacob Time, Inc.*,
    No. 12 CIV. 0790 KBF, 2012 WL 2497276 (S.D.N.Y. June 22, 2012) ...............................13

*TufAmerica, Inc. v. WB Music Corp.*,
    67 F. Supp. 3d 590, 595 (S.D.N.Y. 2014)..........................................................................6

*Vargas v. Pfizer, Inc.*,
    418 F. Supp. 2d 369 (S.D.N.Y. 2005)..............................................................................14

*Volpe v. Am. Language Commc'n Ctr., Inc.*,
    200 F. Supp. 3d 428 (S.D.N.Y. 2016)...............................................................................13

*Wright v. Warner Books, Inc.*,
    953 F.2d 731 (2d Cir. 1991).............................................................................................8

## Rules & Statutes

17 U.S.C. § 107.................................................................................................. *passim*

iv

17 U.S.C. § 410(c) ............................................................................................14

17 U.S.C. § 411(a) ............................................................................................13

17 U.S.C. § 504(c)(2) ........................................................................................15

Fed. R. Civ. P. 12(b)(6) ................................................................................. *passim*

Fed. R. Evid. 201(b)(2) ......................................................................................12

**Other Authorities**

4 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT ...............................................5

Defendant Mic Network, Inc. ("Mic"), by its attorneys, Cowan, DeBaets, Abrahams & Sheppard LLP, respectfully submits this Memorandum of Law in Support of its Motion to Dismiss plaintiff Lukasz Rudkowski's ("Plaintiff") complaint dated May 15, 2017 ("Complaint" or "Cplt.") in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Without so much as a copyright registration in hand, Plaintiff has filed an action for copyright infringement based on an online news organization's use of one screenshot from a video that runs nearly four-and-a-half minutes.  As Plaintiff's counsel well knows from a recent ruling in a case on all fours with this one, this type of use is simply not actionable.  Nonetheless, despite the precedent against it, Plaintiff has placed this action – without any advance warning to Mic – on the Court's busy docket.

Plaintiff's Complaint is deficient on multiple grounds.  First, it appears that the Complaint was filed without any consideration of Mic's clear-cut defenses applicable here.  As a matter of logic, one screenshot cannot be "substantially similar" to a long video:  it is classic *de minimis* use.  Moreover, nobody could reasonably dispute that the use is a fair use; even on the pleadings, Mic prevails in showing that the use of just one screenshot from a video for newsworthy purposes falls right at the heart of fair use.  And, assuming *arguendo* that the use is infringing (which it is not), the facially plain defenses make it implausible to believe that Mic's actions were "willful" such that Plaintiff could plausibly receive exceptional recovery in the form of enhanced damages.  Finally, Plaintiff seemingly forgets that in this Circuit, a registration certificate is required before a plaintiff can sue for copyright infringement.  Or perhaps Plaintiff does not forget:  the Complaint characterizes the application number as if it was for a registration, perhaps hoping that he will fool the Court into thinking that a registration exists.  It

does not, and the Court would be well within its discretion to sanction Plaintiff's attorneys to deter future presentations to the Court of half-truths.  In any event, the Complaint as a whole is so ill-founded and frivolous that the Court should not entertain such an off-target lawsuit any further.  The Complaint should be dismissed with prejudice.

## FACTUAL BACKGROUND

According to the Complaint and taking all well-pleaded, plausible facts as true for purposes of the motion, on April 15, 2017, Plaintiff recorded a video of violent protesters at a rally in Berkeley, California (the "Video") and posted the Video to his YouTube channel. (Cplt. ¶¶ 7-8.)  The Video was (and is as of the date of this filing) viewable to anyone in the world with access to YouTube.  *See* https://www.youtube.com/watch?v=c8GVtXfATtI (direct link to Plaintiff's YouTube channel where the Video appears).  (*See also* Cplt. Ex. A.)  The Video consists of four minutes and sixteen seconds of unedited footage showing a fight that broke out between protesters at the rally.  (*See id.*)  At one point in the Video, a female protester can be seen getting punched in the face by a male protester.  (*See id.*)  Plaintiff filed an application to register the Video with the Copyright Office on April 24, 2017.  (*Id.* ¶ 10 & Ex. B.)

Plaintiff alleges that Mic, a media company that owns and operates the website www.mic.com, ran an article on April 16, 2017 entitled *Berkeley riots: Video appears to show white supremacist Nathan Damigo punching protester* (the "Article").  The Article included a still image from the Video of white supremacist Nathan Damigo punching a female protester (the "Screenshot"), without Plaintiff's permission.  (Cplt. ¶¶ 11-12; *id.* Ex. C.)  *See* https://mic.com/articles/ 174306/berkeley-riots-video-appears-to-show-white-supremacist-nathan-damigo-punching-protester (link to Article).  Based solely on Mic's use of the Screenshot

in the Article, Plaintiff filed this action asserting that Mic infringed his copyright in the four-plus-minute Video. (*Id.* ¶¶ 13-20.)

As explained more fully below, Plaintiff's single-count Complaint for copyright infringement should be dismissed in its entirety with prejudice pursuant to Rule 12(b)(6) for two independent reasons. *First*, Mic's use of the Screenshot – which amounts to no more than a fraction of a second of Plaintiff's more than four-minute Video – is a quintessential *de minimis* use that falls below the threshold of actionable copying. *Second*, Mic's use of the Screenshot to comment and report on newsworthy events captured in the Video – namely, white supremacist Nathan Damigo's act of punching a female protester in the face – is fair use as a matter of law. In addition, further problems exist, including that the predicate for enhanced damages is not plausibly pled, and Plaintiff is not permitted to even file this action in the first place because he has not plausibly alleged ownership of a valid copyright *registration* for the Video, which is a prerequisite to filing an infringement action.

## <u>ARGUMENT</u>

Rule 12(b)(6) compels dismissal of the Complaint. The standard for assessing a motion to dismiss requires that the plaintiff plead sufficient facts "to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must "[accept] the allegations contained in the complaint as true and [draw] all reasonable inference in favor of the nonmoving party," *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999), a complaint that offers mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S at 678 (quoting *Twombly*, 550 U.S. at 545). To survive a motion to dismiss, plaintiff's well-pleaded facts must "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

In addition to the well-pleaded "facts stated on the face of the complaint," on a motion to dismiss the Court may consider "documents appended to the complaint or incorporated in the complaint by reference," and "matters of which judicial notice may be taken."  *Allen v. WestPoint-Pepperell, Inc.*, 945 F.3d 40, 44 (2d Cir. 1991) (citation omitted).

## I.    MIC'S USE OF THE SCREENSHOT IS NON-ACTIONABLE *DE MINIMIS* USE

It is apparent from the face of the Complaint that Mic's use of the Screenshot from the Video is *de minimis* and therefore not actionable under copyright law.   Copyright law "does not prohibit *de minimis* use – 'the literal copying of a small and usually insignificant portion of [a] plaintiff's work.'"  *Newton v. Penguin/Berkley Publ'g. USA*, No. 13-cv-1283 (CM), 2014 WL 505191, at *1 (S.D.N.Y. Jan. 28, 2014) (quoting *Warner Bros., Inc. v. Am. Broad. Cos.*, 720 F.2d 231, 242 (2d Cir. 1983)).  "[T]he infringement of a copyright is *de minimis*, and therefore not actionable," when the alleged copying "is so trivial 'as to fall below the quantitative threshold of substantial similarity, which is always a required element of actionable copying.'"  *Sandoval v. New Line Cinema Corp.*, 147 F.3d 215, 217 (2d Cir. 1998) (citation omitted).  *See also Gottlieb Dev. LLC v. Paramount Pictures Corp.*, 590 F. Supp. 2d 625 (S.D.N.Y. 2008) (Chin, J.) (granting motion to dismiss).  In determining whether a use is *de minimis*, courts consider "the amount of the copyrighted work that was copied."  *Sandoval*, 147 F.3d at 217 (citation omitted).

As a threshold matter, the Second Circuit and this Court have indicated that a court may make a finding that a use is *de minimis* as a matter of law, without reference to anything but the two works at issue.  *See, e.g.*, *Sandoval*, 147 F.3d at 218 (finding use of photographs to be *de minimis* as a matter of law); *Gottlieb Dev. LLC*, 590 F. Supp. 2d at 632 (on a Rule 12(b)(6) motion to dismiss, finding use of designs to be "*de minimis* as a matter of law").

4

The Screenshot featured in the Article is a fraction of a second of Plaintiff's more than

four-minute long Video.  (*See* Cplt. Ex. A (showing Video length is 4:16, and Video frame rate

is 53 frames per second).  *See also* Declaration of Marissa B. Lewis dated June 15, 2017 ("Lewis

Decl.") ¶ 2 & Ex. 1 (screenshots of properties associated with the QuickTime Movie file of the

Video).)[1]  At less than 0.001% of the Video,[2] the Screenshot is no more than "a *de minimis*

fragment," the taking of which is not actionable copying as a matter of law.  *See* 4 Melville B.

Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 8.01[G] ("[F]or similarity to be

substantial, and hence actionable, it must apply to more than a *de minimis* fragment."); *see also*

*Newton v. Diamond*, 204 F. Supp. 2d 1244, 1256-57 (C.D. Cal. 2002) (use of a six-second

sample comprising 2% of plaintiff's work is de minimis), *aff'd*, 388 F.3d 1189 (9th Cir. 2004);

*Video-Cinema Films, Inc. v. Cable News Network, Inc.*, No. 98 CIV. 7128 (BSJ), 2001 WL

1518264, at *7 (S.D.N.Y. Nov. 28, 2001) (as a matter of law, use of "clips [from the copyrighted

film that] ranged from 6 to 22 seconds, or less than 1 percent, of the 108 minute film" is "de

minimis").  This Court routinely finds similarly inconsequential uses to be *de minimis* on a

motion to dismiss.  *See, e.g.*, *Kanongataa v. Coed Media Group, LLC*, No. 16-cv-07472 (LAK)

(S.D.N.Y. Feb. 15, 2017), Tr. of Hr'g on Mot. to Dismiss (dismissing complaint on a Rule

---

[1] On a motion to dismiss, the complaint is deemed to include any materials attached to it as an exhibit, materials incorporated by reference, and documents that, although not incorporated by reference, are integral to the complaint.  *See Allen*, 945 F.3d at 44.  *See also Louis Vuitton Malletier S.A. v. Warner Bros. Entm't Inc.*, 868 F. Supp. 2d 172, 176 n. 6 (S.D.N.Y. 2012) ("As the Film is referred to in the complaint and is integral to [plaintiff's] claims, it is deemed incorporated into the complaint by reference) (citation omitted).  Here, the Video is attached as an exhibit to the Complaint (Cplt. Ex. A) and information such as the Video's length and frame rate may be obtained by viewing the "properties" associated with the QuickTime Movie (.mov) file of the Video provided by Plaintiff.  (*See id.  See also* Lewis Decl. ¶ 2 & Ex. 1).  The Video and its properties are incorporated by referenced into the Complaint or are integral to it and, thus, the Court may consider them in deciding Mic's motion to dismiss.

[2] This percentage is arrived at by dividing 1/53 second (the length of the single-frame Screenshot) by 258 (the length of the 4:16 Video in seconds), multiplying by 100, and rounding.

12(b)(6) motion where defendant used a screenshot from a forty-five-minute video); *TufAmerica, Inc. v. WB Music Corp.,* 67 F. Supp. 3d 590, 595 (S.D.N.Y. 2014) (same, because defendant's use of "a fraction of a second in a recording [of] about 2 minutes and 35 seconds long" was *de minimis*); *Poindexter v. EMI Record Grp. Inc.*, No. 11-cv-559 (LTS) (JLC), 2012 WL 1027639, at *4 (S.D.N.Y. Mar. 27, 2012) (same, where defendant used a single note from a musical composition); *see also DeBitetto v. Alpha Books*, 7 F. Supp. 2d 330, 334 (S.D.N.Y. 1998) ("single instance of copying" of a drawing from the copyrighted multi-chapter book "is insufficient as a matter of law to support" a copyright infringement claim).

This Court should rule consistently here, in light of the analogous facts alleged in the Complaint. As in several of the cases discussed above no amount of discovery will change the length of the Video, the amount Mic used, or the proportion between the two. Accordingly, the Court should dismiss Plaintiff's copyright infringement claim with prejudice.

## II.    MIC'S USE OF THE SCREENSHOT TO COMMENT AND REPORT ON THE NEWSWORTHY EVENTS DEPICTED IN THE VIDEO IS A FAIR USE

Even if Mic's use of the Video rose above a *de minimis* level, which it does not, Plaintiff's copyright infringement claim nevertheless fails because such use is a fair use. "Fair use" is a "critical and long-standing limitation on the exclusive rights of the original copyright owner." *Keeling v. Hars*, 809 F.3d 43, 48 (2d Cir. 2015). The doctrine effectively "permits unauthorized copying in some circumstances, so as to further 'copyright's very purpose'" of promoting artistic creation. *Authors Guild v. Google, Inc.*, 804 F.3d 202, 212 (2d Cir. 2015) (quoting *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 575 (1994)). Four factors are considered in the fair use analysis, all of which "are to be explored, and the results weighed together, in light of the purposes of copyright." *Campbell*, 510 U.S. at 577. These factors are: (i) the purpose and character of the use; (ii) the nature of the copyrighted work; (iii) the amount

and substantiality of the portion used; and (iv) the effect of the use on the market for the original

work.  17 U.S.C. § 107(1)-(4).

  As with *de minimis* use, the Court may determine fair use on a motion to dismiss.

Although fair use is an affirmative defense, courts grant dismissal based on this defense where

"the facts necessary to establish [fair use] are evident on the face of the complaint."  *Kelly-*

*Brown v. Winfrey*, 717 F.3d 295, 308 (2d Cir. 2013) (citation omitted).  Here, the Court need

only review the Complaint and compare the Video to the allegedly infringing Article[3] to make a

determination as to fair use.  *See Cariou v. Prince*, 714 F.3d 694, 707 (2d Cir. 2013) (citing with

approval *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) ("[T]he

only two pieces of evidence needed to decide the question of fair use" on a motion to dismiss

"are the original version [ ] and the [allegedly infringing work] at issue.")); *Adjimi v. Dlt Entm't*

*Ltd.*, 97 F. Supp. 3d 512, 517 (S.D.N.Y. 2015) (noting courts "resolve[] motions to dismiss on

fair use grounds . . . by comparing the original work to the alleged [infringement]"); *Arrow*

*Prods., LTD. v. Weinstein Co. LLC*, 44 F. Supp. 3d 359, 368 (S.D.N.Y. 2014) ("All that is

necessary for the court to make a determination as to fair use are the two [works] at issue.").

  For the reasons set forth below, all four factors weigh in favor of a finding of fair use in

this case, and the Court may thus conclude as a matter of law on this motion to dismiss that

Mic's challenged use qualifies as a fair use of Plaintiff's work.

  **a.    The Purpose and Character of Mic's Use Favors Fair Use**

  The first factor in the fair use analysis is the purpose and character of the use, particularly

whether the secondary use was transformative.  *See* 17 U.S.C. § 107(1).  *See also Keeling*, 809

F.3d at 53 ("[T]he first factor – 'the purpose and nature of the use' – lies at the 'heart of the

---

[3] The Court may consider the Video and the Article because both are attached as exhibits to the
Complaint.  (Cplt. Exs. A (video) & C (article).)  *See supra* n. 1 (citing *Allen*, 945 F.3d at 44).

inquiry' . . . while the other three factors are much less important.") (citation omitted).  The crux of this factor is to determine whether and to what extent the new work is "transformative" – that is, whether the new work "merely 'supersede the objects' of the original creation, or instead adds something new, with a further purpose or different character, altering the first with new expression, meaning or message; " *Campbell*, 510 U.S. at 579.  *See Bill Graham Archives v. Dorling Kindersley Ltd.*, 448 F.3d 605, 608 (2d Cir. 2006) ("Most important to the court's analysis of the first factor is the 'transformative' nature of the work.").  "[T]he more transformative the new work, the less will be the significance of other factors, like commercialism, that may weigh against a finding of fair use." *Campbell*, 510 U.S. at 579.

The "purpose and character" analysis is to be "guided by the examples given in the preamble to § 107, looking to whether the use is for criticism, or comment, or news reporting, and the like." *Campbell*, 510 U.S. at 578-79.  *See* 17 U.S.C. § 107 (stating that fair use of a copyrighted work "for purposes such as criticism, comment, news reporting, teaching [ ], scholarship, or research, is not an infringement of copyright").  There is a strong presumption that the first factor favors defendant if the allegedly infringing use is among the illustrative statutory categories of fair use enumerated in § 107.  *See Wright v. Warner Books, Inc.*, 953 F.2d 731, 736 (2d Cir. 1991) ("[T]here is a strong presumption that factor one favors the defendant if the allegedly infringing work fits the description of the uses described in section 107."); *Fox News Network, LLC v. TVEyes, Inc.*, 43 F. Supp. 3d 379, 389 (S.D.N.Y. 2014) (same) (citing *NXIVM Corp. v. Ross Institute*, 364 F.3d 471, 477 (2d Cir. 2004)).

In this case, the first factor weighs heavily in favor of a finding of fair use.  Mic's use of the Screenshot was undeniably for the purposes of news reporting and commentary.  The fair use doctrine is especially sensitive to attempts to use copyright law to restrict news reporting, given

8

the First Amendment implications.  *See Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P.*, 756

F.3d 73, 84 (2d Cir. 2014) (noting in a fair use analysis that "[d]elivering newsworthy . . .

information . . . lies at the core of the First Amendment [and] would be crippled if the news

media and similar organizations were limited to 'authorized sources of information'").

   The highly transformative nature of the use at issue here is readily apparent upon

comparison of Plaintiff's Video and Mic's Article.  Whereas the Video is an unedited, amateur

public documentation of the rioting in Berkeley, California, Mic's use of the Video consisted of

a still image used to illustrate a report on the Video itself, and to comment on a newsworthy

event captured in the Video.  Courts regularly hold that the use of an image or other work to

illustrate the subject of an informative article is transformative news reporting.  *See, e.g.*, *Sarl*

*Louis Feraud Int'ls v. Viewfinder Inc.*, 627 F. Supp. 2d 123, 128-29 (S.D.N.Y. 2008) (fashion

site's photographs of copyrighted articles was transformative, despite leaving the character of the

garments unchanged, because the purpose was to "provide the public with news dispatches from

the front lines of the fashion world"); *see also Nunez v. Caribbean Int'l News Corp.*, 235 F.3d

18, 21 (1st Cir. 2000) (use of nude photos of a model later named Miss Puerto Rico Universe in a

news article about the controversy over whether the photos were appropriate for someone in

plaintiff's position was held a fair use); *Leveyfilm, Inc. v. Fox Sports Interactive Media, LLC*,

No. 13-4664, 2014 WL 3368893, at *13 (N.D. Ill. July 8, 2014) (use of a copyrighted DVD

cover in an article about a legal controversy surrounding the video was "news reporting" and

qualified as fair use); *Katz v. Chevaldina*, No. 12-cv-22211, 2014 WL 2815496, at *7 (S.D. Fla.

June 17, 2014) (use of copyrighted photo of plaintiff in blog posts about plaintiff held a fair use);

*Dhillon v. Does 1-10*, No. 13-cv-1465, 2014 WL 722592, at *5-6 (N.D. Cal. Feb. 25, 2014) (use

of headshot was transformative when used in article criticizing the subject's political views).

The last component of the first statutory factor – whether Mic made a commercial use of Plaintiff's copyrighted work – is of little significance in light of the discussion above.  Courts in the Second Circuit generally discount the "commercial" factor where, as here, a defendant makes a transformative use of a copyrighted work for purposes of commentary or news reporting, even if the defendant is a commercial entity.  *See, e.g.*, *Blanch v. Koons*, 467 F.3d 244, 254 (2d Cir. 2006) ("discount[ing] the secondary commercial nature of the use" where the work was transformative); *Swatch Grp. Mgmt. Servs. Ltd.*, 756 F.3d at 83 (recognizing that "[a]lmost all newspapers, books and magazines are published by commercial enterprises that seek a profit," and nevertheless affirming dismissal on fair use grounds based in part on finding that use was for purposes of news reporting) (citation omitted).

  **b.**  **The Nature of the Copyrighted Work Favors Fair Use**

"The second statutory factor, 'the nature of the copyrighted work,' . . . calls for recognition that some works are closer to the core of intended copyright protection than others, with the consequence that fair use is more difficult to establish when the former works are copied."  *Campbell,* 510 U.S. at 586.  This factor considers "(1) whether the work is expressive or creative, . . . with greater leeway being allowed to a claim of fair use where the work is factual or informational, and (2) whether the work is published or unpublished, with the scope for fair use involving unpublished works being considerably narrower."  *Blanch*, 467 F.3d at 256.

In this case, Plaintiff's Video is unquestionably informational and should not benefit from the broader protection traditionally afforded works of creativity.  *See FireSabre Consulting LLC v. Sheehy*, No. 11-cv-4719 (CS), 2013 WL 5420977, at *10 (S.D.N.Y. Sept. 26, 2013) ("This inquiry focuses on whether the work is expressive or creative, with a greater leeway being allowed to a claim of fair use where the work is factual or informational.") (internal citations

omitted).  Plaintiff's Video contains raw footage depicting an unedited real-life event, making it far more "factual" or "informational" in nature than it is "creative."  *See New Era Publ'ns Intern., ApS v. Carol Publ'g. Grp.*, 904 F.2d 152, 157 (2d Cir. 1990) (describing factual works as being "'primarily informational rather than creative'") (citations omitted).  *See Scott v. WorldStarHipHop, Inc.*, No. 10-cv-9538, 2011 WL 5082410, at *8 (S.D.N.Y. Oct. 25, 2011) (in granting motion to dismiss on fair use grounds, emphasizing that copyrighted video was a "real-time video of an unchoreographed fight"), *vacated on other grounds*, 2011 WL 13079877 (S.D.N.Y. Dec. 12, 2011).

Moreover, the Video was not an unpublished work whose value was unrealized.  Plaintiff "published the Video on his WeAreChange YouTube channel on April 15, 2017."  (Cplt., ¶ 8.) By the time Mic published its Article about the Video on April 16, 2017 (*id.* ¶ 11), it had already been freely available for viewing by anyone with an Internet connection.  Given that the Video is factual in nature and had been published prior to Mic's alleged use, the second fair use factor weighs heavily in favor of fair use.

### c.      The Amount and Substantiality of Use Favors Fair Use

The third fair use factor is "the amount and substantiality of the portion used in relation to the copyrighted work as a whole."  17 U.S.C. § 107(3).  This factor not only considers quantity, but also asks whether the "value of the materials used [ ] [is] reasonable in relation to the purpose of the copying."  *Campbell*, 510 U.S. at 586 (internal citation omitted).  Generally, a fair use finding is more likely where the copier uses smaller or less important parts of the original.  *See Authors Guild*, 804 F.3d at 221.  However, even "[c]omplete unchanged copying" is repeatedly deemed "justified as fair use when the copying was reasonably appropriate to achieve the

copier's transformative purpose and was done in such a manner that it did not offer a competing substitute for the original." *Id.*

As discussed above, Mic's use of the Screenshot is *de minimis* in proportion to the Video as a whole. Mic used only a fraction of a second of the Video, which itself ran for more than four minutes. Moreover, Mic took no more than was necessary to accomplish its purpose of news reporting and commentary, and as further discussed below, it is no substitute for the original. Thus, the Court should find in favor of Mic on this factor.

> **d.      The Effect of the Use on the Potential Market Favors Fair Use**

The fourth factor is "the effect of the use upon the potential market or value of the copyrighted work." 17 U.S.C. § 107(4). In assessing the fourth factor, courts look "not only to the market harm caused by the particular infringement, but also to whether, if the challenged use becomes widespread, it will adversely affect the potential market for the copyrighted work." *See Bill Graham Archives*, 448 F.3d at 613. The primary concern is whether the secondary use "usurps the market" for the original work. *Cariou*, 714 F.3d at 708 (quoting *Blanch*, 467 F.3d at 258). *See also Amsinck v. Columbia Pictures Indus., Inc.*, 862 F. Supp. 1044, 1049 (S.D.N.Y. 1994) (fourth factor considers whether the allegedly infringing work "can be used as a substitute for the plaintiff's original work"). The fourth factor ordinarily weighs in favor of fair use where, as here, the allegedly infringing use is transformative and does not compete with the copyrighted work. *See Bill Graham Archives*, 448 F.3d at 614-15 (secondary use does not affect the market for the original where it is "transformatively different from their original expressive purpose").

Mic's use of the Screenshot in no way competes with Plaintiff's Video, let alone "usurps the market." *Campbell*, 510 U.S. at 593. Plaintiff makes no mention of any market for the Video in the Complaint, much less any usurpation of any market for screenshots anywhere, much

less in a non-litigation context.  Mic's use of the Screenshot also does not serve "as a substitute" for Plaintiff's original Video.  A person interested in watching the Video would not be "satisfied" by viewing the Screenshot as used in the Article.  In fact, since the publication of the Article, the Video has garnered more than 800,000 more views on Plaintiff's YouTube channel. (*Compare* Ex. C (the Video, "at the time of the writing" [on or before May 15, 2017] had "accumulated nearly 250,000 views") *with* Lewis Decl. ¶ 3 & Ex. 2 (screenshot of https://www.youtube.com/watch?v=c8GVtXfATtI showing more than 1,030,000 views as of the date of filing).[4])  The Court should therefore find in favor of Mic on this fourth and final factor, hold that Mic's challenged use of the Video is fair, and dismiss Plaintiff's copyright infringement claim.

## III.    PLAINTIFF'S COPYRIGHT INFRINGEMENT CLAIM SHOULD BE DISMISSED FOR LACK OF A VALID COPYRIGHT REGISTRATION

Even assuming that Plaintiff can somehow state a claim notwithstanding the *de minimis*, fair use of a screenshot from the Video, as a matter of law, the case still cannot stand in this Court.  As the Complaint appears to recognize, registration is a precondition to filing an action for copyright infringement.  The Copyright Act provides in relevant part that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."  17 U.S.C. §

---

[4] The Court may take judicial notice of the number of times the Video has been viewed on Plaintiff's YouTube channel.  This information is capable of accurate and ready determination, as it is publicly announced on Plaintiff's YouTube page, whose authenticity is not in dispute. *See* Fed. R. Evid. 201(b)(2); *Volpe v. Am. Language Commc'n Ctr., Inc.*, 200 F. Supp. 3d 428, 430–31 (S.D.N.Y. 2016), *aff'd*, No. 16-2869-CV, 2017 WL 2416908 (2d Cir. June 5, 2017) ("[F]or purposes of a 12(b)(6) motion to dismiss, a court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and 'it is capable of accurate and ready determination.") (citations omitted).  *See, e.g.*, *TechnoMarine SA v. Jacob Time, Inc.*, No. 12 CIV. 0790 KBF, 2012 WL 2497276, at *1 (S.D.N.Y. June 22, 2012) (on a Rule 12(b)(6) motion to dismiss, taking "judicial notice of the fact that a publicly accessible website contains certain information").

411(a).[5]  The Second Circuit takes the "registration approach" to § 411(a), under which a

copyright holder must have a "valid copyright registration certificate" in-hand *prior* to filing"

an infringement claim; a "pending application does not suffice."  *Muench Photography, Inc. v.*

*Houghton Mifflin Harcourt Publ'g. Co.*, No. 09 Civ. 2669 (LAP), 2012 WL 1021535, at *5

(S.D.N.Y. Mar. 26, 2012) (emphasis in original).  *See International Diamond Imps., Inc. v.*

*Oriental Gemco (N.Y.), Inc.*, 64 F. Supp. 3d 494, 516-17 & n. 146 (S.D.N.Y. 2014) (noting that

"the consensus among courts in the Second Circuit clearly favors the registration approach" and

"agree[ing] that an application is not sufficient") (collecting cases); *BWP Media USA Inc. v.*

*Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 353 n. 6 (S.D.N.Y. 2014) ("Courts in this district

generally hold that a copyright registration is required, and that a pending application will not

do.") (collecting cases).

   Plaintiff has failed to plead facts plausibly demonstrating that the Video is registered with

the Copyright Office.  Plaintiff alleges in conclusory fashion that "[t]he Video was registered

with the U.S. Copyright Office" (Cplt., ¶ 10), but this allegation is belied by the Complaint's

other allegations and by Exhibit B.  Indeed, Plaintiff alleges elsewhere that his registration is

"pending" (*id.*), takes considered efforts to misleadingly provide a "Copyright Registration

Number" (*id.*) that is quite obviously the "Service Request #" assigned to his application (*id.* Ex.

B), and attaches as an exhibit a copy of his recently-filed routine-service application, rather than

a registration[6] (*id.* Ex. B (document clearly marked *-APPLICATION-* and filed on April 24,

2017)).  The foregoing makes clear that Plaintiff's application to register the allegedly infringed

---

[5] Section 411(a) also permits an infringement claim where the copyright holder's copyright
application was denied by the Copyright Office.  This is inapplicable here.
[6] Plaintiff's failure to attach the registration certificate as an exhibit to the Complaint is itself a
ground for dismissal.  *See* 17 U.S.C. § 410(c); *Vargas v. Pfizer, Inc.*, 418 F. Supp. 2d 369, 373
(S.D.N.Y. 2005) (dismissing for failure to attach certificate of registration) (citation omitted).

Video is still pending and the Copyright Office has yet to issue a registration certificate – and

that Plaintiff knows that the Complaint is not properly posed; otherwise, he would not have gone

through such verbal contortions to try to maintain a case that clearly cannot be maintained.

Plaintiff's copyright infringement claim must be dismissed on this basis.  *See, e.g.*, *Gattoni v.

Tibi, LLC*, No. 16 Civ. 7527 (RWS), 2017 WL 2313882, at *3 (S.D.N.Y. May 25, 2017)

(dismissing copyright infringement claim on Rule 12(b)(6) motion where plaintiff alleged "the

registration for the allegedly infringed [work] [wa]s pending"); *International Diamond Imps.*, 64

F. Supp. 3d at 517 (same, where plaintiff had only submitted "*applications* to the Copyright

Office") (emphasis in original); *National Ass'n of Freelance Photographers v. Assoc. Press*, No.

97 CIV. 2267 (DLC), 1997 WL 759456, at *12 (S.D.N.Y. Dec. 10, 1997) (same, where plaintiff

had not "received a certificate of registration").

## IV.   PLAINTIFF HAS NOT PLEADED ANY FACTS THAT WOULD ENTITLE HIM TO THE ENHANCED DAMAGES REQUESTED IN HIS PRAYER FOR RELIEF

Where infringement is willful, a plaintiff may receive enhanced damages.  17 U.S.C. §

504(c)(2).  Under the facts alleged here, and putting aside *arguendo* the implausibility of the

infringement claim itself given the defenses, it is implausible to believe that any unlawful use of

the portion of the Video in the manner alleged was "willful" infringement.  The only reference to

willfulness in the Complaint is the following:  "Upon information and belief, the aforementioned

acts of infringement by *Combo*[7] have been willful, intentional, and purposeful, in disregard of

and with indifference to Plaintiff's rights."  (Cplt. ¶ 16 (emphasis added).)  On this basis alone,

Plaintiff demands enhanced damages (*id.* at Prayer for Relief, ¶ 2), including statutory damages

---

[7] Plaintiff's reference to "Combo" – rather than "Mic" – is presumably a haste-based remnant of a pleading filed in a different case.

of up to $150,000, an enhancement that is warranted only where the plaintiff pleads and proves that willfulness exists. *See* 17 U.S.C. § 504(c)(2).

Even assuming Plaintiff actually imputed the above-cited allegation to Mic (as opposed to "Combo"), such bare-bones pleading is insufficient to state a claim, and the Complaint is otherwise devoid of any facts that would back up Plaintiff's legal allegations. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'"); *Twombly*, 550 U.S. at 556 ("Factual allegations must be enough to rise above the speculative level").

Accordingly, in light of Plaintiff's failure to plead sufficient facts to meet the standards of *Iqbal* and *Twombly*, the claim for enhanced damages should be dismissed. *See Mosca v. Yankee Publ'g Inc.*, No. 2:15-cv-266, 2015 WL 9304738, at ** 7-8 (D. Me. Nov. 25, 2015) (granting motion to dismiss claim for enhanced damages where plaintiff failed to plead any facts from which one could infer willful infringement), *report and recommendation adopted*, 2015 WL 9305649 (D. Me. Dec. 21, 2015); *Amini Innovation Corp. v. KTY Mktg.*, 768 F. Supp. 2d 1049, 1054-55 (C.D. Cal. 2011) (granting motion to dismiss where plaintiff asserted legal conclusion that defendant has "knowingly, willingly, and/or deliberately infringed, and/or acted in reckless disregard to infringing, [plaintiff's] copyrights" but failed to provide any factual allegations regarding defendant's alleged state of mind). *See also Lebow v. Am. Trans Air, inc.*, 86 F.3d 661, 670 n.11 (7th Cir. 1996) (plaintiff's "vague request for compensatory damages [in addition to reinstatement and back pay] is not supported by any facts alleged in the complaint, and thus it is not sufficient to constitute a claim for legal relief"); *Braun v. Client Servs. Inc.*, 14 F. Supp. 3d 391, 398-99 (S.D.N.Y. 2014) (dismissing Fair Credit Reporting Act claim for failure to allege

facts in support of willfulness); *Synopsys, Inc. v. Atop Tech, Inc.*, 13-cv-02965, 2013 WL 5770542, at *17 (N.D. Cal. Oct. 24, 2013) (dismissing claim for willful patent infringement where allegations of willfulness amounted to no more than a recitation of that claim's elements).

## CONCLUSION

For all of the foregoing reasons, Mic respectfully requests that the Complaint be dismissed in its entirety with prejudice. In light of the ill-considered and questionable representations made in the Complaint, Mic reserves the right to move for recovery of its reasonable attorney's fees pursuant to 17 U.S.C. § 505, and for sanctions pursuant to 28 U.S.C. § 1927 as a deterrent, should the Court dismiss this case.

Respectfully submitted,

Dated: New York, New York        COWAN, DEBAETS, ABRAHAMS  & SHEPPARD LLP
      June 15, 2017


By:  /s/ Eleanor M. Lackman
     Eleanor M. Lackman
     Marissa B. Lewis
     41 Madison Avenue, 38th Floor
     New York, New York 10010
     Tel.: (212) 974-7474
     Fax: (212) 974-8474
     elackman@cdas.com
     mlewis@cdas.com

     *Attorneys for Defendant Mic Network, Inc.*

17