UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUKASZ RUDKOWSKI,

                Plaintiff,

      v.

MIC NETWORK INC.

                Defendant.

Case No. 1:17-cv-03647 (DAB)

## DEFENDANT MIC NETWORK INC.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COWAN, DEBAETS, ABRAHAMS
& SHEPPARD LLP

Eleanor M. Lackman
Marissa B. Lewis
41 Madison Avenue, 38th Floor
New York, NY 10010
Tel.: (212) 974-7474

*Attorneys for Defendant Mic Network Inc.*

Defendant Mic Network, Inc. ("Mic"), by its attorneys, Cowan, DeBaets, Abrahams & Sheppard LLP, respectfully submits this Reply Memorandum of Law in Further Support of its Motion to Dismiss plaintiff Lukasz Rudkowski's ("Plaintiff") complaint dated May 15, 2017 ("Complaint" or "Cplt.") in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

This case is just like a case that Plaintiff's firm litigated and that Mic discussed at length – and which is conspicuously absent from Plaintiff's opposition brief. As in that case, this case involves simple, undisputed facts: Mic, an online news organization, took a single screenshot (the "Screenshot") from a minutes-long video that Plaintiff recorded and posted on the internet (Cplt. ¶¶ 7-8, Ex. A) (the "Video"); Mic used the Screenshot in the context of a news story about the Video (the "Article") (*id.* ¶¶ 11-12, Ex. C; *see also* Reply Declaration of Marissa B. Lewis, Esq., dated July 6, 2017 ("Lewis Reply Decl.") at ¶ 2 & Ex. A). And there, the court wrote:

> [N]o reasonable lawyer with any familiarity with the law of copyright could have thought that the fleeting and minimal uses, in the context of news reporting and social commentary, that these defendants made of tiny portions of the 45-minute [v]ideo was anything but fair.

*Kanongataa v. American Broad. Cos., Inc., et al.*, No. 16-cv-07382-LAK, Dkt. 44 at 5. Judge Kaplan quickly and readily dismissed the case from the bench. Dkt. No. 34 (Tr. of Hr'g on Mot. to Dismiss, attached to Lewis Reply Decl. as Ex. B, hereinafter referred to as "Kanongataa Tr."). Tellingly, Plaintiff offers no explanation as to how this case is any different: citing the same arguments verbatim that Judge Kaplan shot down in *Kanongataa* (*see* Lewis Reply Decl. at ¶¶ 4-5 & Exs. C, D, E), he just ignores the case entirely, perhaps hoping that the Court will, too. But a case that Judge Kaplan characterized as a "purple and green spotted cow case" that it was "not particularly likely to ever . . . encounter[ ] again," *id.*, is not the type of case that the Plaintiff can readily ignore when the same cow wanders back into the courtroom. This, alone, shows why the

case should never have been brought and should be dismissed without further delay.

Backed into a corner, Plaintiff viciously attacks Mic for doing nothing more than its job, contorts the facts, and creates smokescreens about procedure and purported murkiness in the law. These efforts fail. Plaintiff's lengthy, novel readings of inapposite cases ultimately reveal that the Plaintiff knows his claim is legally deficient. Plaintiff does not meaningfully address Mic's authorities or offer a single on-point case or any case that one could argue is analogous. Further, Plaintiff's opposition does not recognize that courts *can* dismiss ill-founded complaints the pleading stage and do; nor does Plaintiff explain how discovery would change the facts here, preferring instead to devote his brief to made-up legal tests that this Court has never followed and making implications about the facts that Plaintiff elsewhere recognizes are untrue.[1]

Plaintiff's claim is not just frivolous and central to *de minimis non curat lex*, but allowing a claim of this nature to survive a motion to dismiss would create a chilling effect across all news media who would be prevented from commenting on something simply because it is subject to copyright protection. As other courts have recognized, this is exactly the type of abuse that fair use was designed to guard against. It is a rare case that will implicate two independent bases to swiftly dismiss a complaint, but this is one of those cases that the Court should put out to pasture.

## ARGUMENT

## I.   *DE MINIMIS* USE AND FAIR USE ARE RIPE FOR DETERMINATION NOW

Much of the Opposition argues that issues of *de minimis* use and fair use are procedurally premature. *See* Opp. at 8-10. But Plaintiff's arguments in support of this position actually make clear why, in this case, both *de minimis* use and fair use should be decided now.

---

[1] Plaintiff even claims hyperbolically that Mic is a "recidivist," asserting that Mic has been sued previously, "including" "within the past year." Opp. at 2. This is false. Mic has been sued for copyright infringement only once in its lifetime, and the cited case was filed in February 2016 and settled shortly after Mic filed a motion to dismiss.

The law in this Circuit is that both *de minimis* use and fair use may be determined on a motion to dismiss where the evidence necessary to establish the defense, *i.e.*, the original work and the allegedly infringing work, is evident on the face of the complaint:  Plaintiff even concedes as much.[2]  *See Gottlieb Dev. LLC v. Paramount Pictures Corp.*, 590 F. Supp. 2d 625, 632 (S.D.N.Y. 2008) (Chin, J.) (concluding, "[b]ased on the facts alleged in the complaint, and on a viewing of the [allegedly infringing] [f]ilm . . . that the use of the [plaintiff's work] was *de minimis* as a matter of law").  *See also TCA Television Corp. v. McCollum*, 839 F.3d 168, 178 (2d Cir. 2016) ("[T]his Court has acknowledged the possibility of fair use being so clearly established by a complaint as to support dismissal of a copyright infringement claim."); *Arrow Prods., LTD. v. Weinstein Co. LLC*, 44 F. Supp. 3d 359, 368 (S.D.N.Y. 2014) ("All that is necessary for the court to make a determination as to fair use are the two [works] at issue.").

Plaintiff's contention that "only a parody" can be evaluated on a motion to dismiss is similarly unsupported.  Opp. at 10.[3]  According to Plaintiff, "news reporting and commentary" cannot be evident on the face of a complaint since they are "not one of the categories that lends itself easily to recognizing and evaluating fair use." *Id.* at 11.  Not so.  Indeed, unlike parody, "news reporting and comment[ary]" are specifically enumerated in the statute as categories of uses that are presumably fair, *see* 17 U.S.C. § 107, and the law is clear that courts may determine, on a motion to dismiss, that a particular use constitutes news reporting or commentary

---

[2] Plaintiff not only hedges but concedes that "cases [ ] have found a fair use defense is ripe for consideration at a motion to dismiss stage." Opp. at 10.  For Plaintiff's counsel to argue otherwise is disingenuous at best, given that the following quote is taken from the opposition brief his firm recently submitted to this Court: "[I]n certain circumstances, fair use may be established at the motion-to-dismiss stage simply by placing the copyrighted work and the purportedly infringing work side-by-side and comparing their characteristics." *Kanongataa*, No. 16-cv-07472-LAK, Dkt. No. 22 at 3.

[3] Even the one out-of-circuit case Plaintiff cites for this contention, *Katz v. Chevaldina*, merely states that parody is a kind of use more likely to be resolvable on a motion to dismiss.  900 F. Supp. 2d 1314, 1316-17 (S.D. Fla. 2012).

for purposes of fair use. *See, e.g.,* Kanongataa Tr. at 29:19-20 ("It is social commentary. . . I mean, perfectly obviously that it's social commentary."); *id.* at 37:22-24 ("I can certainly make the judgment about whether it was newsworthy, whether it was transformative."). *See also, e.g., Payne v. Courier-Journal*, No. 3:04-cv-488, 2005 WL 1287434, at \*\*3-5 (W.D. Ky. May 31, 2005) (complaint dismissed because use of plaintiff's work for news reporting in newspaper article was fair use "as a matter of law"), *aff'd*, 193 F. App'x 397 (6th Cir. 2006).

Here, it is evident on the face of the Complaint and its incorporated exhibits, which include Plaintiff's allegedly copyrighted Video and Mic's purportedly infringing Article, that Mic's use is both *de minimis* and fair. Viewing the two works side-by-side, it is obvious that Mic used only a tiny fragment of the minutes-long Video, and that its use of that fragment in an Article reporting and commenting on the newsworthy event it depicts is fair. Plaintiff argues that discovery is necessary, but he does not allude to a single potentially discoverable fact or piece of evidence that he believes might alter, or even inform, the Court's analysis. Rather, Plaintiff's arguments likewise rely on a comparison of the works at issue. The issues of *de minimis* use and fair use issue are therefore ripe for determination now.

## II.    MIC'S USE OF THE SCREENSHOT IS NON-ACTIONABLE *DE MINIMIS* USE

Nothing in Plaintiff's Opposition detracts from the straightforward conclusion that Mic's use of the Screenshot – a single frame amounting to less than 0.001% of Plaintiff's more than four-minute long Video – is *de minimis* as a matter of law. In addition to the string of cases in Mic's opening brief that held similarly inconsequential uses to be *de minimis* (*see* Mot. at 5-6), the Court recently doubled down on its bench decision that use of a screenshot consisting of 0.012% of the plaintiff's work was "trivial and *de minimis* for sure" by awarding attorneys' fees to the defendants forced to defend against such a meritless claim. *See* Kanongataa Tr. at 41:24;

4

*Kanongataa*, No. 16-cv-07382-LAK, Dkt. 44.  Plaintiff proffers no rejoinder of this precedent.

Amid a tortured discussion of the law on cases involving whether two works are substantially similar, Plaintiff concedes that the Screenshot "constitute[s] but a brief moment" from the Video (Opp. at 6), but argues that Mic's use is not *de minimis* because the Screenshot is "prominently" and "permanent[ly]" featured in the Article "in focus, [and] with optimal lighting and direct camera angles" (*id.* at 6-7).  This argument misses the mark.  The prominence and observability of the original work are immaterial to the question of *de minimis* use where, as here, the allegedly infringing work uses only a small and insignificant portion of the original.  Indeed, all three cases that Plaintiff relies on in his discussion of these factors are distinguishable insofar as they involve use of the *entirety* of the plaintiff's work in a television show or motion picture.  *See* Opp. at 6-7 (citing *Ringgold v. Black Entm't Television, Inc.*, 126 F.3d 70 (2d Cir. 1997) (use of the plaintiff's poster in television show); *Sandoval v. New Line Cinema Corp.*, 147 F.3d 215 (2d Cir. 1998) (use of the plaintiff's photos in motion picture); *Gottlieb Dev. LLC*, 590 F. Supp. 2d 625 (use of pinball machine featuring the plaintiff's designs in motion picture)).  And yet, notably, *de minimis* use was found in two of three of the cases nonetheless.

### III.    PLAINTIFF FAILED TO REBUT MIC'S ARGUMENT THAT ITS USE OF THE SCREENSHOT TO COMMENT AND REPORT ON THE NEWSWORTHY EVENTS DEPICTED IN THE VIDEO IS A FAIR USE

#### A.    The Character and Purpose of Mic's Use Weighs in Favor of Fair Use.

While Plaintiff alludes to an unexplained "side-by-side" test that this Court has not adopted, Plaintiff concedes that the first factor "is the most salient one."  Opp. at 12.  He also does not dispute that Mic used the Screenshot as the basis for news reporting and commentary, which are both uses enumerated in 17 U.S.C. § 107 and therefore give rise to a "strong presumption" that the first factor favors fair use.  *See Wright v. Warner Books, Inc.*, 953 F.2d

5

731, 736 (2d Cir. 1991); *see also Authors Guild v. Google, Inc.*, 804 F.3d 202, 215-16 (2d Cir. 2015) ("copying from an original for the purpose of criticism or commentary on the original or provision of information about it, tends most clearly to satisfy" a fair use defense).

Plaintiff accepts that "if the use is transformative, then a finding of fair use is likely," but argues that Mic's use is not transformative. *See* Opp. at 12. Plaintiff misconstrues the meaning of "transformative" in this context. In effect, Plaintiff argues that "[n]o new meaning, message, or understanding [has been] added to the original" because Mic copied the Screenshot from the Video and used it without alteration. *See* Opp. at 14. But that is plainly not so. By Plaintiff's logic, the use of a work could never be transformative unless the defendant somehow altered the work – yet, courts routinely hold otherwise. *See* Mot. at 9 (collecting cases). *See also, e.g.*, Kanongataa Tr. at 41:21 (holding "the use [of screenshot in news article] was transformative"). Consistent with these holdings and well-reasoned logic, this Court, too, should hold that Mic's use of the Screenshot to illustrate an Article reporting and commenting on a newsworthy event captured in the Video is transformative.[4]

### B.    The Nature of the Copyrighted Work Weighs in Favor of Fair Use.

Plaintiff offers no explanation for his assertion that the second factor is "neutral." Opp. at 15. As a matter of law and logic, this factor favors fair use. Plaintiff concedes that the Video was published prior to Mic's use. *See* Cplt. ¶¶ 8, 11. And, one need only watch the Video attached to the Complaint to determine that it consists entirely of raw footage of a real-life event, making it far more "factual or informational" in nature than it is "creative." *See id.* Ex. A.

In apparent effort to shift the weight on this factor, Plaintiff states that he "had unique

---

[4] Plaintiff's heavy reliance on *N. Jersey Media Grp. Inc. v. Pirro*, 74 F. Supp. 3d 605, 614-15 (S.D.N.Y. 2015), is unavailing. In that case, the defendant posted the plaintiff's photograph on her Facebook feed with the simple caption "# neverforget." *Id.* This is a far cry from taking a snippet from a full work and commenting on it and the events that it depicts.

access, angle and opportunity to capture the moment" and "used his skills and talent as a videographer to clearly record" it. Opp. at 3. However, the second factor focuses on the nature of *the copyrighted work* itself, in particular whether it is more factual or fictional, not the qualifications of the person who created it. *See* 17 U.S.C. § 107(2). Thus, even if the Court were to consider Plaintiff's unsupported statements,[5] it would not bring the nature of the Video any closer to the core of copyright's protective purposes.

###    C.    The Amount and Substantiality of the Use Weighs in Favor of Fair Use.

Without citations to facts or law, Plaintiff argues that the "amount and substantiality" factor weighs against fair use, despite the fact that Mic used only a single frame of Plaintiff's minutes-long Video. Plaintiff does not identify a single case in support of his position, and instead rests his argument on brazenly misconstrued facts – namely, that Mic used "the *entire* screengrab of a 4:18 minute video clip" and "imbedded [*sic*] the *entire video clip*" into the Article. Opp. at 16 (emphases added). Of course, the third factor considers "the portion used in relation to the *copyrighted work*," not in relation to itself. *See* 17 U.S.C. § 107(3) (emphasis added). "[T]he portion used" in this case is the Screenshot, not the legally-irrelevant "imbedded" Video that is alleged for the first time in the Opposition,[6] and, when properly considered vis-à-vis the Video, it is immediately clear that Mic's use is trivial.

---

[5] Despite Plaintiff's citation to ¶ 7 of the Complaint, these facts are not alleged anywhere in the Complaint or in the materials incorporated by reference. Accordingly, the Court cannot consider them. *See Friedl v. City of N.Y.*, 210 F.3d 79, 83 (2d Cir. 2000) ("[w]hen matters outside the pleadings are presented in response to a 12(b)(6) motion," the court should "exclude the additional material and decide the motion on the complaint alone") (citation omitted); *O'Brien v. National Prop. Analysts Partners*, 719 F Supp. 222, 229 (S.D.N.Y. 1989) ("It is axiomatic that the complaint cannot be amended by the briefs in opposition to a motion to dismiss.").
[6] Even Plaintiff acknowledges that the embedded video does not give rise to copyright infringement. *See* Opp. at 14 ("The article features the entire video in the body of the article, *properly imbedded from YouTube*.") (emphasis added). *See Flava Works v. Gunter*, 689 F.3d 754 (7th Cir. 2012); *Perfect 10, Inc. v. Amazon, Inc.*, 508 F.3d 1146 (9th Cir. 2007).

Plaintiff also briefly and with little explanation alleges that Mic's one selected image of out of the whole Video fortuitously "captured the heart of the video clip, the punching of the female protestor by the male protestor." Opp. at 16. The only perceived basis for deeming the Screenshot "most significant" is that it was used to report on the punching of a female protestor by a male protestor. Such circular reasoning should be ignored.

### D. The Effect on the Market for the Video Weighs in Favor of Fair Use.

Plaintiff correctly acknowledges that, under the fourth factor, the primary inquiry is whether the secondary use "usurps the market of," or "can be used as a substitute for," the original work. *NXIM Corp. v. Ross Inst.*, 364 F.3d 471, 481-82 (2d Cir. 2004). However, Plaintiff fails to appreciate the sheer implausibility of his claim that Mic's use "effectively usurped [the market for] the original work." Opp. at 17.

There is simply no plausible basis for believing that Mic's non-competitive and transformative use of the Screenshot had any effect on the market for or value of the original Video, especially considering Mic used less than 0.001% of the Video. *See* Mot. at 12-13. *See also* Kanongataa Tr. at 26:13-16 ("How am I to take seriously an assertion by a lawyer that, for example, [defendant's] publication was a complete substitute for the video when it consisted of .012 percent of the video?"). Plaintiff offers nothing but conjecture in response to Mic's arguments, and despite the pleading requirements under *Twombly*, makes no attempt to reconcile his arguments – most notably, that "someone reading the article (even today) would have no need to view the Plaintiff's video clip" (Opp. at 17) – with the judicially noticeable fact that Plaintiff's Video has been viewed more than 800,000 times on his YouTube channel since the Article was published. *See* Mot. at 12 n. 4.

8

**IV.    PLAINTIFF'S INFRINGEMENT CLAIM SHOULD BE DISMISSED FOR LACK OF A VALID COPYRIGHT REGISTRATION, CONSISTENT WITH THE "VIRTUALLY UNANIMOUS" PRECEDENT IN THIS DISTRICT**

As established in Mic's opening brief, there is overwhelming consensus among courts in the Second Circuit that, under the prevailing "registration approach," a pending application for copyright registration cannot sustain a claim for infringement. *See* Mot. at 14-15. Plaintiff's firm already knows this,[7] and its failure to bring these adverse authorities to the Court's attention is just another tell as to the weakness of Plaintiff's position. Indeed, as the Court recently noted in an order dismissing another attempt by Plaintiff's counsel to allege infringement of works subject only to a pending application: "courts in this district are virtually unanimous on this point." *Zuma Press, Inc.*, No. 16-cv-6110-AKH, Dkt. 33, at 8-9 (collecting cases) (attached to the Lewis Reply Decl. as Ex. F). Plaintiff's cited cases for the "application approach" are not only outliers in the Second Circuit,[8] but they are also outweighed by legions of contrary decisions that have been issued in the past few years in the Southern District alone.[9]

---

[7] *See Zuma Press, Inc., et al. v. Getty Images (US), Inc.*, No. 16-CV-6110-AKH, Dkt. 33, at 8-9 (S.D.N.Y. June 29, 2017); *Gattoni v. Tibi, LLC*, No. 16 Civ. 7527 (RWS), 2017 WL 2313882, at *3 (S.D.N.Y. May 25, 2017). Both cases involve the Liebowitz firm.

[8] In addition to being outliers, Plaintiff's cited cases fail to withstand close scrutiny: *Well-Made Toy Mfg. Corp. v. Goffa Int'l Corp.* involved an unregistered derivative of a registered work, and the court noted that "[h]ad the suit been premised upon infringement of the plaintiff's copyright in its [derivative], the suit would have been dismissed . . . because there was no registration for the derivative." 210 F. Supp. 2d 147, 172 (E.D.N.Y. 2002). *Havens v. Time Warner, Inc.* held that proof of possession of a registration certificate was unnecessary to bring suit, not that suit may be brought before registration is granted. 896 F. Supp. 141, 142-43 (S.D.N.Y. 1995). In *Oban US, LLC v. Nautilus, Inc.*, the court was "inclined" to support the application approach, but did not reach the issue since plaintiff did not state a plausible infringement claim. No. 13-cv-1076-JBA, 2014 WL 2854539, at *7 (D. Conn. June 23, 2014).

[9] *See, e.g.*, *BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 353 n. 6 (S.D.N.Y. 2014); *John Wiley & Sons, Inc. v. DRK Photo*, 998 F. Supp. 2d 262, 282 (S.D.N.Y. 2014); *Tan v. Doe*, No. 14-CV-2663, 2014 WL 1779048, at *2 (S.D.N.Y. May 5, 2014); *Young-Wolff v. McGraw-Hill Cos.*, No. 13-CV-4327, 2014 WL 349711, at *3 (S.D.N.Y. Jan. 31, 2014); *Int'l Diamond Imps., Inc. v. Oriental Gemco (N.Y.), Inc.*, 64 F. Supp. 3d 494, 517 (S.D.N.Y. 2014); *Palatkevich v. Choupak*, 12-cv-1681, 2014 WL 1509236, at *9 (S.D.N.Y. Jan. 24, 2014).

Likewise, Plaintiff's assertion that registration is considered a "jurisdictional prerequisite" (*see* Opp. at 18-19) is predicated on cases that are no longer good law, including one case that was specifically abrogated by the Supreme Court in *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010) (abrogating, *inter alia*, *Well-Made Toy Mfg. Corp. v. Goffa Int'l Corp.*, 354 F.3d 112 (2d Cir. 2003)).  Courts in this Circuit have since made clear that registration is, in fact, an element of an infringement claim.  *See, e.g.*, *Psihoyos v. John Wiley & Sons, Inc.*, No. 11-CV-1416-JSR, 2011 WL 4916299, at *2 (S.D.N.Y. Oct. 14, 2011) (holding § 411(a) is "an absolute 'precondition' to suit" and an "element" of an infringement claim).  Accordingly, Mic correctly classified registration as a substantive element of an infringement claim, and Plaintiff's claim should be dismissed for failure to plead it.

## V.   PLAINTIFF'S CLAIM FOR ENHANCED DAMAGES SHOULD BE DISMISSED

Plaintiff fails to plead facts that would entitle him to the enhanced damages requested in his prayer for relief, which include statutory damages pursuant to 17 U.S.C. § 504(c)(2). Plaintiff attempts to respond to this point (*see* Opp. at 22), but overlooks an important distinction:  Mic does not argue that the failure to adequately plead willful infringement necessitates dismissal of the entire copyright infringement claim; rather, it necessitates dismissal of the claim for enhanced damages.  *See* Mot. at 15-16 (collecting cases).  There is no dispute that not a single fact is pleaded in support of his bare-bones claim that Plaintiff has opened the door to heightened relief, nor is there anything on the undisputed facts of this case that would permit willfulness to be inferred.

## CONCLUSION

For all of the foregoing reasons, and those set out in its opening brief, Mic respectfully requests that the Court grant its motion and dismiss Plaintiff's Complaint in full with prejudice.

10

Respectfully submitted,

Dated: New York, New York          COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP
      July 6, 2017

By: /s/ Eleanor M. Lackman
      Eleanor M. Lackman
      Marissa B. Lewis
      41 Madison Avenue, 38th Floor
      New York, New York 10010
      Tel.: (212) 974-7474
      Fax: (212) 974-8474
      elackman@cdas.com
      mlewis@cdas.com

*Attorneys for Defendant Mic Network, Inc.*