

COWAN,
DeBAETS,
ABRAHAMS &
SHEPPARD LLP

41 MADISON AVENUE
NEW YORK, NY 10010
T: 212 974 7474
F: 212 974 8474
www.cdas.com

ELEANOR M. LACKMAN
212 974 7474 ext. 1958
elackman@cdas.com

AILEEN ATKINS
FREDERICK P. BIMBLER
SUSAN H. BODINE
LINDSAY W. BOWEN*
ANDREA F. CANNISTRACI
XAVIER J. CORREA
TIMOTHY J. DeBAETS
ROBERT J. EPSTEIN
CAROLE E. HANDLER•■
DOUGLAS P. JACOBS*
ELEANOR M. LACKMAN†
ELLIS B. LEVINE
JANIS C. NELSON■
JOSHUA B. SESSLER
J. STEPHEN SHEPPARD♦
LAURA E. SHER
SCOTT J. SHOLDER*
KENNETH N. SWEZEY†
NANCY E. WOLFF•*†

ADAM BEASLEY
ALISON E. BENSIMON
KYLE A. BRETT
BRIANNA DAHLBERG■
LINDSAY R. EDELSTEIN*
MIKAELA I. GROSS
DANIEL J. HALEY
BENJAMIN JAFFE
BRITTANY L. KAPLAN
MICHAEL K. LEVIN
MARISSA E. LEWIS*
JONATHAN H. PERITZ*
SIMON N. PULMAN*○

OF COUNSEL:
ROBERT I. FREEDMAN

SPECIAL COUNSEL:
ALEX GIGANTE

PHILIP M. COWAN
(1943-2001)
HOWARD ABRAHAMS
(1945-1996)

■ ADMITTED IN CA
† ALSO ADMITTED IN CA
♦ ALSO ADMITTED IN DC
○ ALSO ADMITTED IN GA
* ALSO ADMITTED IN NJ
• ALSO ADMITTED IN PA

BEVERLY HILLS OFFICE:
9595 WILSHIRE BLVD, SUITE 900
BEVERLY HILLS, CA 90212
T: 310 492 4392 / F: 310 492 4394

OCTOBER 6, 2017

**VIA CM/ECF**
The Honorable Deborah A. Batts
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:    _Rudkowski v. Mic Network Inc._, No. 1:17-cv-03647 (DAB)

Dear Judge Batts:

On behalf of defendant Mic Network Inc. ("Mic"), we write to briefly address certain mischaracterizations in plaintiff Lukasz Rudkowski's ("Plaintiff") recently-filed letter (Dkt. 19) identifying and characterizing the following decision as supplemental authority: _Hirsch v. CBS Broad., Inc._, No. 17-cv-01860 (PAE), Dkt. 21 (S.D.N.Y.).

As a threshold matter, Plaintiff's misleading word choice requires clarification.  The accurately stated, pertinent facts of the case at bar are as follows:  Mic created a single screenshot (the "Screenshot") from Plaintiff's minutes-long video (the "Video"), used the Screenshot in an article commenting on the Video (the "Article"), and published that Article on its website (the "Website").  _See_ Cplt., Dkt. 1 at ¶¶ 7-8, 11-12; Exs. A & C. Mic neither "appropriated" nor "published" a "still photograph" from the Video. Moreover, although the Article, complete with the Screenshot, remains available on the Website, to say that the Screenshot is "displayed for _more than two seconds_" and is a "permanent fixture" on the Website is nonsensical given that it is a screenshot from a video just like any other screenshot may be.  What this odd turn of phrase appears to be is an attempt to shoehorn the facts of this case into inapposite case law – such as the supposedly "key" _Hirsch_ decision Plaintiff now submits in further support of its Opposition to Mic's Motion to Dismiss.

The _Hirsch_ decision hinges on materially distinguishable facts.  There, photojournalist Steven Hirsch alleged that television network CBS infringed his copyright by using his still photograph _in its entirety_ for roughly two seconds in an episode of a CBS television program.  _See Hirsch_, No. 17-cv-01869 (PAE), Dkt. 21 at 2-3.  That a reasonable jury might conclude that the two-second on-screen use of 100% of the copyrighted work is not _de minimis_ (_id._ at 8-9), has no bearing on Mic's use of the Screenshot – a single frame amounting to less than 0.001% of Plaintiff's Video – for any length of time, "more than



COWAN,
DEBAETS,
ABRAHAMS &
SHEPPARD LLP

PAGE 2

two seconds" or otherwise.  As explained the last time Plaintiff inaptly analogized Mic's use of the Screenshot to uses of an entire copyrighted work in a television show or motion picture (*see* Opp. to Mot. to Dismiss, Dkt. 13 at 6-7 (arguing Mic's use is not *de minimis* based on cases factually akin to *Hirsch,* including *Ringgold v. Black Entm't Television, Inc.*, 126 F.3d 70 (2d Cir. 1997), *Sandoval v. New Line Cinema Corp.*, 147 F.3d 215 (2d Cir. 1998), *Gottlieb Dev. LLC v. Paramount Pictures Corp.*, 590 F. Supp. 2d 625 (S.D.N.Y. 2008)), the amount of time that the copyrighted work appears is "immaterial to the question of *de minimis* use where, as here, the allegedly infringing work uses only a small and insignificant portion of the original" (Reply Mot. to Dismiss, Dkt. 16 at 5).

Simply put, the *Hirsch* decision is nothing new in the context of the facts presented here; it is just another decision in a body of case law that in no way disturbs the conclusion that Mic's use of a single-frame snippet from Plaintiff's minutes-long Video is *de minimis* as a matter of law. Considering there is no shortage of truly on-point cases holding similarly inconsequential uses *de minimis* (*see, e.g.*, Mot. to Dismiss, Dkt. 11 at 5-6 (collecting cases)),[1] the *Hirsch* decision is unavailing and the motive for its submission as supplemental authority is questionable if not wholly improper.

Respectfully submitted,

Eleanor M. Lackman

cc:    All counsel of record (via ECF)

---

[1] These cases include *Kanongataa v. Am. Broad. Cos., Inc., et al.*, wherein an infringement claim predicated on legally identical facts was adjudged so clearly meritless that two days ago, another judge in this District awarded the defendants all their attorneys' fees and implied that the plaintiff's attorneys, The Liebowitz Law Firm PLLC, should be partially responsible therefor (*see* No. 16-cv-07382 (LAK), Dkt. 60 at 5 n. 15 (S.D.N.Y.)).