UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUKASZ RUDKOWSKI,<br><br>                      Plaintiff,<br><br>         v.<br><br>MIC NETWORK, INC.<br><br>                      Defendant. | Case No. 1:17 Civ. 03647 (DAB) (JCF) |

**DEFENDANT MIC NETWORK, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND REARGUMENT**

Plaintiff Lukasz Rudkowski's ("Plaintiff") Motion for Reconsideration (Dkt. No. 27) (the "Motion for Reconsideration" or "Mot.") of the Court's March 23, 2018 Order (Dkt. No. 21) (the "Order") is a transparent and improper attempt to convince this Court that, notwithstanding relevant and properly considered law, defendant Mic Network, Inc.'s ("Mic") use of a single screenshot (the "Screenshot") of Plaintiff's minutes-long video (the "Video") in a news article is actionable as copyright infringement. Plaintiff's last-ditch effort to resuscitate his claim is as frivolous as his Complaint, and his Motion for Reconsideration should be denied in its entirety.

This case falls far short of the "exceptional circumstances" that warrant reconsideration of a district court order. Not only did the parties have a full opportunity to brief the issues in connection with Mic's Motion to Dismiss (Dkt. Nos. 10-13, 16-17), but the Court issued a well-reasoned opinion (Dkt. No. 22) consistent with the sound reasoning of Judge Kaplan in a factually indistinguishable case. *See Kanongataa v. Am Broad Cos., Inc., et al.*, No. 16 Civ. 07382 (LAK), Dkt. No. 44 (S.D.N.Y.). Moreover, despite the very clear requirements for making such a motion, Plaintiff's Motion for Reconsideration does not identify any controlling

decision or fact which was overlooked by the Court in reaching its decision. Instead, the Motion for Reconsideration merely rehashes old arguments that were properly rejected by this Court, while also offering brand-new arguments that were not before the Court on the underlying Motion to Dismiss. Without any explanation, Plaintiff even raises points that are not at issue in the case at all, much less on the underlying motion. None of this is within the scope of a properly posed motion for reconsideration.

Plaintiff's repetition of the same frivolous arguments and factually inapposite cases, not to mention the proffer of hypothetical policy arguments, is expressly not permissible for submission *ab initio*. And even if Plaintiff could somehow get a second bite at the apple, notwithstanding the rules that say he cannot, his arguments would fail on the merits just like they did before. All the Motion for Reconsideration manages to do is underscore the pattern of obstructive conduct and irresponsible lawyering described in Mic's pending Motion for Fees and Sanctions (Dkt. No. 24).[1] Given that the Motion for Reconsideration itself has no procedural or substantive merit, it should be denied accordingly.

## ARGUMENT

**I.    STANDARD FOR MOTION FOR RECONSIDERATION**

The Second Circuit has instructed that reconsideration of a court's previous order is an "extraordinary" remedy which may be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). *See Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008); *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) ("A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances.") (citation omitted); *Lucio v. N.Y.C. Dep't of Educ. &*

---

[1] Mic intends to seek recovery of additional attorneys' fees incurred in opposing Plaintiff's frivolous Motion for Reconsideration.

*Marie Douyon,* No. 12 Civ. 247 (DAB), 2013 WL 12084546, at *3 (S.D.N.Y. May 16, 2013) ("Because final judgments should not be lightly reopened and because Rule 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances.") (citation omitted), *aff'd sub nom. Lucio v. N.Y.C. Dep't of Educ.*, 575 F. App'x 3 (2d Cir. 2014).

"The standard for grating such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). *Accord Range Rd. Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) (A motion for reconsideration "is appropriate only where the movant demonstrates that the Court has overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court."). Local Rule 6.3 further expressly requires that the movant "set[ ] forth concisely the matters or controlling decisions which counsel believes the court has overlooked."

Motions for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided," *Shrader*, 70 F.3d at 257, and "new arguments or claims which were not before the court on the original motion" should be stricken and disregarded. *Koehler v. Bank of Bermuda, Ltd.*, No. M 18-302 (CSH), 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005). *Accord Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005) ("It is settled law in this District that a motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced.") (collecting cases); *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (noting the "well-settled" rule that a motion for

reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'") (citation omitted); *Jain v. Sec. Indus. & Fin. Markets Ass'n*, No. 08 Civ. 6463 (DAB), 2009 WL 4059171, at *1 (S.D.N.Y. Nov. 18, 2009) ("[A] motion for reconsideration is not one in which a party may reargue those issues already considered when a party does not like the way the original motion was resolved.") (citation and internal quotation marks omitted).

Rule 60(b) and Local Rule 6.3 therefore must be "narrowly construed and strictly applied to avoid repetitive arguments already submitted to the Court." *Id.* (citation and internal quotation marks omitted). *See also Lyda v. FremantleMedia N. Am., Inc.*, No. 10 Civ. 4773 (DAB), 2013 WL 4756620, at *1 (S.D.N.Y. Aug. 26, 2013) (same).

## II.     PLAINTIFF'S MOTION FOR RECONSIDERATION SHOULD BE DENIED

Plaintiff fails to meet the exacting standard for reconsideration. As explained more fully below, Plaintiff has not shown that the Court overlooked controlling law or factual matters previously presented to it, but instead attempts to use this Motion for Reconsideration as a vehicle for relitigating old issues already considered by the Court, and for raising new, albeit legally irrelevant, arguments. As such, his Motion for Reconsideration should be denied.

**Response to Point I:** As his first point, Plaintiff claims that the Court improperly discounted both the "qualitative value" of Mic's use and the "observability" of the Screenshot, and relied solely on a "mathematical ratio" in finding that Mic's use of the screenshot was *de minimis. See* Mot. at 6-10. This point does not warrant reconsideration.

As an initial matter, this is not the first time Plaintiff tried to convince this Court that use of a miniscule portion of a work "is not *de minimis* as a matter of law" if what is taken is qualitatively significant and observable. Plaintiff raised this argument twice before (*see* Dkt. No.

4

13 at 6-7; *see also* Dkt. No. 19), and the Court expressly considered and rejected it. *See* Order at 10 (rejecting Plaintiff's attempt to use *Ringgold* and its progeny of "factually inapposite" cases "to argue that the [Screenshot] is a permanent fixture on the Website and that, therefore, Defendant's use is not *de minimis*."). Plaintiff's concomitant argument (Mot. at 8-9) that these issues are for a jury to decide also is not new. *See* Dkt. No. 13 at 8 (arguing substantial similarity is a question of fact for a jury); Dkt. No. 19 (same). *Contra* Order at 7 (holding that the Court "may appropriately resolve the question of substantial similarity as a matter of law" in this case) (quotation mark omitted). Plaintiff is not entitled to reconsideration of these "old" and "previously rejected" arguments.[2] *See Associated Press*, 395 F. Supp. 2d at 19 ("It is settled law in this District that a motion for reconsideration is [not] an occasion for repeating old arguments previously rejected . . .") (collecting cases). *See also Dellefave v. Access Temporaries, Inc.*, No. 99 Civ. 6098 (RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001) ("Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court.").

Plaintiff's misleading assertion that the Court "overlooked" two of the "Circuit authorities" cited in his Opposition to Mic's Motion to Dismiss (Dkt. No. 13 at 6) provides no basis for reconsideration either. *See* Mot. at 7-8 (discussing *Nihon Keizai Shimbun, Inc. v. Comline Bus. Data, Inc.*, 166 F.3d 65 (2d Cir. 1999) and *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197 (3d Cir. 2002)). At the outset, it is misleading to call one of the cases a "Circuit authorit[y]" when that case is from the Third Circuit, which does not control this Circuit or this Court. *See, e.g., McAllan v. Von Essen*, No. 01 Civ. 5281 (RJH) (HBP), 2004 WL 1907752, at *2 (S.D.N.Y. Aug. 25, 2004) (denying motion for reconsideration

---

[2] The substance of Plaintiff's arguments is also meritless for the reasons Mic has previously explained. *See* Dkt. No. 16 at 4-5; Dkt. No. 20; Dkt. No. 24 at 5.

5

where movant submitted non-precedential and distinguishable Third Circuit opinion).  In any event, that these "authorities" were not cited in the Order does not mean they were "overlooked." A more plausible explanation is that citation was not necessary or that the cases were not as on point as other authorities – assuming they were on-point at all, which they were not.[3]

Finally, Plaintiff's assertion that the Court improperly relied on a "mathematical ratio" alone to establish the *de minimis* defense is unfounded.  As the block-quoted text in Plaintiff's Motion for Reconsideration (at 10) makes clear, the Court properly considered the qualitative nature of the use, noting that Mic used "an exact screenshot of Plaintiff's Video," but ultimately found that the use was *de minimis* given that the "individual frame clearly represents an extremely small fragment of the whole Video."  Order at 9.  Plaintiff claims that this decision "is simply unprecedented," yet he does not cite a single authority in support of his position that proceeding otherwise is appropriate.  *See* Mot. at 10.  In essence, Plaintiff is arguing that an infinitesimally small portion of a work cannot be as a matter of law insubstantially similar to the work as a whole.  If there was such a case to support the theory, Plaintiff should have proffered it earlier and it is telling that he fails to do so in his improper Motion for Reconsideration.

**Response to Point II:**  Plaintiff's next point of contention is that the Court "conflated two separate legal standards," due in part to what he perceives to be this Court's misunderstanding of Judge Kaplan's reasoning in *Kanongataa*.  *See* Mot. at 11-12.  But clearly it

---

[3] Both *Nihon* and *Dun & Bradstreet* are distinguishable.  In *Nihon*, the defendants sold "abstracts" of the plaintiff's 20 separate articles, with each abstract copying two-thirds of the protectable material in the plaintiff's corresponding article, and the defendants argued such use was nevertheless *de minimis* because "they only infringed a total of 20 articles out of the 90,000 that [the plaintiff] publishes each year."  *Nihon*, 166 F.3d at 71-72.  In *Dun & Bradstreet*, the defendant copied computer code from the plaintiff's software that was so "highly critical" that neither the plaintiff's nor the defendant's software would work without it, and the defendant argued that such use was *de minimis*.  *Dun & Bradstreet*, 307 F.3d at 208.  That the courts rejected the defendants' *de minimis* use defenses in these scenarios has no bearing on this case.

is Plaintiff who misunderstands *Kanongataa*[4] – and who is ignorant to the legions of cases dismissing copyright infringement claims based on *de minimis* use, without consideration of the statutory fair use factors (many of which were cited in Mic's Motion to Dismiss). *See, e.g., TufAmerica, Inc. v. WB Music Corp.*, 67 F. Supp. 3d 590, 596 (S.D.N.Y. 2014) (finding the defendant's allegedly infringing use was *de minimis* and therefore dismissing the plaintiff's copyright infringement claim, without consideration of the four factors set forth in 17 U.S.C. § 107); *Gottlieb Dev. LLC v. Paramount Pictures Corp.*, 590 F. Supp. 2d 625, 632 (S.D.N.Y. 2008) (same); *Poindexter v. EMI Record Grp. Inc.*, No. 11 Civ. 559 (LTS) (JLC), 2012 WL 1027639, at *3 (S.D.N.Y. Mar. 27, 2012) (same); *Newton v. Penguin/Berkley Pub. USA*, No. 13 Civ. 1283 (CM), 2014 WL 505191, at *1 (S.D.N.Y. Jan. 28, 2014) (same).

With regard to *Kanongataa*, Plaintiff asserts that "[i]t is evident on the face of the *Kanongataa* decision that Judge Kaplan dismissed the complaint based on the fair use defense, and was analyzing the *de minimis* nature of the use under the statutory framework provided by section 107, rather than based on a standalone *de minimis* defense." Mot. at 11. But Plaintiff's counsel is well-aware that one of the defendants in that case, namely, COED Media Group, LLC ("COED"), differed from the others, in that it used only a screenshot of the plaintiff's video, and the Court therefore dismissed the complaint as to COED on *de minimis* use grounds. This distinction is reflected in the transcript of the hearing on the defendants' motion to dismiss in *Kanongataa*, which includes the following colloquy between Judge Kaplan and an associate of Liebowitz Law Firm, PLLC:

---

[4] Considering Plaintiff's counsel, Mr. Liebowitz, represented Kali Kanongataa, the assertion that "[i]t is evident on the face of the *Kanongataa* decision that Judge Kaplan dismissed the complaint based on the fair use defense, and was analyzing the *de minimis* nature of the use under the statutory framework provided by section 107, rather than based on a standalone *de minimis* defense" (Mot. at 11) is more likely a deliberate misrepresentation designed to keep the door open for another chance at filing frivolous cases on the same facts.

> THE COURT:    So isn't the concession on quantitative substantiality fatal to your case against COED?
>
> COUNSEL:    It's absolutely not because **there are other factors**. The main factor is transformative use and –
>
> THE COURT:    Well, but **you're overlooking their *de minimis* argument**, which is really at the heart of their motion. They say that the amount of the appropriation, if it can be called that, is .012 percent of the allegedly infringed work and it does not rise to the requisite level of quantitative substantiality to permit a finding of substantial similarity. Now, **if you agree that it doesn't rise to that level, that's the end of your case against them at least on the question of copyright infringement**.

*Kanongataa*, No. 16 Civ. 07382 (LAK), Dkt. No. 44 at 27 (emphasis added). Judge Kaplan's reasoning is clear, this Court's Order is consistent therewith, and there is no need to reconsider it in light of *Kanongataa* – which, though extremely persuasive to a Court in the same District given the factual similarities, is not even a "controlling" precedent that would warrant reconsideration.

**Response to Point III:** Plaintiff asserts that the Court overlooks the impact that its decision will have on copyright registration procedures. *See* Mot. at 12-13. This hypothetical policy argument is not the proper subject of a reconsideration motion for many reasons – not least of which is that Plaintiff has not raised it before. *See Associated Press*, 395 F. Supp. 2d at 20 ("[A] party is barred from making for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed but chose not to do so.") (citing *Horvath v. Deutsche Lufthansa, AG*, No. 02 Civ. 241671 (PKC), 2004 WL 241671, **2-3 (S.D.N.Y. Feb. 9, 2004)); *United States Titan v. Guangzhou Zhen Hua Shipping Co., Ltd.*, 182 F.R.D. 97, 100 (S.D.N.Y. 1998) (on a motion for reconsideration or reargument,

8

the parties "may not address facts, issues or arguments not previously presented to the Court") (citation omitted); *Bonnie & Co. Fashions, Inc. v. Bankers Trust Co.*, 170 F.R.D. 111, 113 (S.D.N.Y. 1997) (motion to reconsider should never act "as a substitute for appealing from a final judgment") (citation omitted).

The Court correctly rendered its decision in view of the work at issue – Plaintiff's Video, an audiovisual work that was registered with the Copyright Office as such – and need not entertain Plaintiff's invitation to reconsider it in light of theoretical burdens and hypothetical scenarios. Tellingly, Plaintiff cites no authorities for his outlandish theory, which would effectively do away with the well-established doctrine of *de minimis* use entirely. Indeed, under Plaintiff's theory, there would be no clip of a film, no matter how short, that would not be infringing, and every "frame" used could give rise to a separate award of damages. Even on the merits, it is clear this argument should be flatly rejected.

**Response to Point IV:** Plaintiff's final point – discussing the availability of a particular type of damages when the underlying motion pertains to a motion as to liability – is a bold attack on a footnote that is primarily a word of "caution" to Mr. Liebowitz regarding what some might term an "overzealous" business model. *See* Mot. at 13-14 (discussing Order at 6 n. 3). Rather than proceed with caution or internalize the message that the Court's footnote conveys, Mr. Liebowitz proceeded to raise this footnote in the Motion for Reconsideration to address a passing comment about the availability of statutory damages. The tone-deaf nature of the approach is apparent: no reasonable attorney could believe that the Court reached the question of statutory damages in this case. Therefore, there is no case, fact, or argument related to statutory damages that could possibly cause this Court to reverse course on its decision that Mic's use of a *de minimis* fragment of Plaintiff's Video is not actionable. Similarly unfounded is Plaintiff's choice

to shoehorn an entirely new matter into the very limited rules pertaining to motions for reconsideration, and his counsel should be admonished for failing to understand where, why, and how a request to reconsider is appropriate under the Rules of this Court.

## CONCLUSION

For the reasons set forth herein, Plaintiff's Motion for Reconsideration should be denied.

Respectfully submitted,

Dated: New York, New York  
April 20, 2018

COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP

By: /s/ Eleanor M. Lackman  
Eleanor M. Lackman  
Marissa B. Lewis  
41 Madison Avenue, 38th Floor  
New York, New York 10010  
Tel.: (212) 974-7474  
Fax: (212) 974-8474  
elackman@cdas.com  
mlewis@cdas.com

*Attorneys for Defendant Mic Network, Inc.*