**ADDENDUM A to FORM C**

1)     DESCRIPTION OF THE NATURE OF THE ACTION

(a)     Overview

This is a copyright infringement action involving Defendant's unauthorized use of a single screenshot from a 4:18 minute video clip which captured an explosive scene of a white male supremacist punching a female protester at the California Berkely riots in April 2017. Although Defendant published a single screenshot extracted from the video, such screenshot depicted the climatic moment (i.e., the "money shot") to illustrate Defendant's commercial news report. Notwithstanding that Defendant's qualitative copying was material to its news article, the Court dismissed the action on grounds that Defendant's use was *de minimis.*

(b)     Factual Background

Plaintiff Rudkowski is a professional video journalist who is the founder of *We are Change*, an independent media organization dedicated to documenting and exposing corruption. On April 15, 2017, Rudkowski was covering an event in his professional capacity in Berkley, California. The event was billed as a pro-free speech protest, and officials also expected a significant counter-protest by a group that opposed hate-speech. The two opposing groups of protesters clashed violently. The event garnered significant national attention. During the event, a prominent and controversial figure, Nathan Damigo punched a female protestor. Plaintiff used his skills and talent as a videographer to clearly record the woman protestor getting punched. He had unique access, angle and opportunity to capture the moment. On that same day, Plaintiff published his 4:18 minute video clip of the violent protest on his organization's YouTube

channel. (the "Video")  Rudowski then promptly and timely registered the video with U.S. Copyright Office.

Defendant Mic Network, Inc. operates the website www.mic.com (the "Website")  On April 16, 2017, Defendant published its own article about the clashes at the protest entitled *Berkeley riots: Video appears to show white supremacist Nathan Damigo punching protestor*, Mic (Apr. 16, 2017) (*see* https://mic.com/articles/174306/berkeley-riots-video-appears-toshow-white-supremacist-nathan-damigo-punchingprotester#.szclRqM5H.)  A screengrab from Plaintiff's Video (the "Photograph") was prominently featured in Defendant's article.  Defendant expropriated the heart of the Video, as the Photograph depicted the precise moment that Nathan Damigo punched the female protestor.  Defendant did not have Plaintiff's permission or consent to publish any part of the Video and did not seek to obtain a license from Plaintiff.

(c)     Procedural Background

- On May 5, 2017, Plaintiff filed his complaint for copyright infringement.

- On June 15, 2017, Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) based on arguments that Defendant's secondary use constituted (1) *de minimis* non-actionable copying; and (2) fair use under section 107 of the Copyright Act.

- On June 29, 2017, Plaintiff filed his opposition to the motion.

- On March 23, 2018, the Court entered a decision and order dismissing the complaint in its entirety based solely on grounds that Defendant's secondary use constituted *de minimis* non-actionable copying.

- On April 6, 2018, Plaintiff filed a motion for reconsideration or to vacate the judgment pursuant to Rule 60(b).

- On September 6, 2018, the District Court denied Plaintiff's motion for reconsideration.
- On September 10, 2018, Plaintiff filed a Notice of Appeal.

**2)    THE RESULT BELOW**

Even though the District Court found that Defendant's unauthorized use of the "money shot" from Plaintiff's Video was qualitatively similar to Plaintiff's work, and readily observable for (potentially) infinite duration on Defendant's website, the Court nonetheless dismissed Plaintiff's complaint on sole grounds that the mathematical ratio between the temporal length of the Photograph (1/53rd of one second) versus the temporal length of the Video in its entirety (258 seconds) was "trivial."

In its principal decision, the District Court did not reach the issue of fair use and instead opted to dismiss the complaint solely on grounds of the *de minimis* defense. However, in its order on Plaintiff's motion for reconsideration, the Court found that the fair use defense and *de minimis* defense are "inherently intertwined."