# EXHIBIT B

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/23/18

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
LUKASZ RUDKOWSKI,
                         Plaintiff,
                                              17 Civ. 3647 (DAB)
                                              MEMORANDUM & ORDER
             v.

MIC NETWORK, INC.,
                         Defendant.
------------------------------------------X
```
DEBORAH A. BATTS, United States District Judge.

On May 5, 2017, Plaintiff Lukasz Rudkowski filed suit against Defendant Mic Network, Inc. for copyright infringement in violation of 17 U.S.C. §§ 106 and 501 based on Defendant's reproduction of a screenshot from a video captured by Plaintiff. Defendant move to dismiss Plaintiff's Complaint on June 15, 2017, and Plaintiff opposed. For the following reasons, the Court GRANTS Defendant's Motion to Dismiss.

I. BACKGROUND

Plaintiff is an independent video journalist and founder of We Are Change, a non-partisan independent media organization. (Compl. ¶ 5.) Defendant operates a website located at http://mic.com (the "Website"). (Id. ¶ 6.)

On April 15, 2017, Plaintiff recorded a video (the "Video") showing rioting and violence between pro-free speech

demonstrators and Antifa, the radical anti-fascist network,[1] during a rally in Berkeley, California. (Compl. ¶ 7.) The same day, Rudkowski published the Video on his We Are Change YouTube channel and titled it "Berkeley Pro Free Speech Protesters Chase Out AntiFA." (Id. ¶ 8; id., Ex. A.)

On April 16, 2017, Defendant published an article written by Alison Durkee entitled, "Berkeley riots: Video appears to show white supremacist Nathan Damigo punching protestor" (the "Article"), which featured a still image (the "Photograph") from Plaintiff's Video. (Compl. ¶ 11; Compl., Ex. C; Alison Durkee, Berkeley riots: Video appears to show white supremacist Nathan Damigo punching protestor, Mic (Apr. 16, 2017), https://mic.com/articles/174306/berkeley-riots-video-appears-to-show-white-supremacist-nathan-damigo-punching-protester#.szclRqM5H.)

Rudkowski filed an application to copyright the Video on April 24, 2017 (Compl. ¶ 10; Compl., Ex. B; ECF No. 18) and filed the instant copyright case on May 15, 2017. The U.S. Copyright Office subsequently issued a registration certificate to Plaintiff on August 10, 2017 with an effective date of April 24, 2017. (ECF No. 18.) Defendant allegedly did not license the

---

[1] See generally Mark Bray, Antifa: The Anti-Fascist Handbook (2017) (discussing history of anti-fascist groups in Europe and the United States).

2

Photograph from Plaintiff for the Article, nor did it otherwise have Plaintiff's permission or consent to publish the Photograph on its Website. (Compl. ¶ 12.)

II. Discussion

　　A. Legal Standard for Motion to Dismiss

　　For a complaint to survive a motion brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the plaintiff must have pleaded "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Supreme Court has explained,

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556–57). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotation marks and citation omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further

3

factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). The Supreme Court further stated,

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

In considering a Rule 12(b)(6) motion, the Court must accept as true all factual allegations set forth in the complaint and draw all reasonable inferences in favor of the plaintiff. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002); Blue Tree Hotels Inv. (Canada) Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004). However, this principle is "inapplicable to legal conclusions," Iqbal, 556 U.S. at 678, which, like the complaint's "labels and conclusions," Twombly, 550 U.S. at 555, are disregarded. Nor should a court "accept [as] true a legal conclusion couched as a factual allegation." Id. at 555. In resolving a 12(b)(6) motion, a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).

4

### B. Whether Plaintiff's Lack of a Copyright Registration at the Time of Filing Necessitates Dismissal

As of May 15, 2017, when Plaintiff filed suit, he had filed an application to copyright the Video but had not yet received the registration certificate. (ECF No. 18.) Defendant argues that this is grounds for dismissal.

The Second Circuit "has not yet determined, however, whether a merely pending application for registration satisfies the [Copyright] Act's requirement that a work be registered before a related infringement suit is filed." A Star Grp., Inc. v. Manitoba Hydro, 621 F. App'x 681, 683 (2d Cir. 2015); see also Psihoyos v. John Wiley & Sons, Inc., 748 F.3d 120, 125 (2d Cir. 2014). Courts in this District have held that registration is a condition precedent[2] to filing a civil case, see, e.g., Muench Photography, Inc. v. Houghton Mifflin Harcourt Pub. Co., No. 09 CV 2669 LAP, 2012 WL 1021535, at *5 (S.D.N.Y. Mar. 26, 2012) ("To hold otherwise would again allow Plaintiff to amend or add to its claims in this litigation into perpetuity, defeating the "important Congressional objectives" embodied in the Act."), while others have held that merely filing an

---

[2] Or, as the Supreme Court has called it, a "precondition." Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 166 (2010).

5

application is sufficient. See, e.g., Chevrestt v. Am. Media, Inc., 204 F. Supp. 3d 629, 631 (S.D.N.Y. 2016) ("It is hard to see what public, private, or statutory interest is served or harmed by requiring him to wait, and re-file his action after his application is approved or denied, when he has already done everything he can to obtain that result.").

This Court adopts the former approach, holding that possession of a registration certificate is a condition precedent to filing a copyright claim and that mere application is insufficient.[3] While the Court ordinarily might dismiss the action without prejudice on this basis so that Plaintiff could

---

[3] The Court cautions Plaintiff's attorney, Richard Liebowitz, on this basis. Mr. Liebowitz is a "frequent flier" in this District, having filed over 500 cases here in the past two years. Steeger v. JMS Cleaning Servs. LLC, No. 17-CV-8013 (DLC), 2018 WL 1136113, at *1 & n.1 (S.D.N.Y. Feb. 28, 2018), opinion vacated in part on reconsideration, No. 17-CV-8013 (DLC), 2018 WL 1363497 (S.D.N.Y. Mar. 15, 2018). Judge Cote reprimanded Mr. Liebowitz for having made misrepresentations. See id. at *2-3. Mr. Liebowitz also misrepresented in this case that the Video's copyright was already registered in the Complaint while knowing that the application had merely been filed. (See Compl. ¶ 10.)
    While it is not the province of the Court to assess Mr. Liebowitz's business model, the Court also notes that "[u]nder 17 U.S.C. § 412, a plaintiff may not recover statutory damages or attorney's fees for any infringement 'commenced' before the effective date of a copyright's registration." Boarding Sch. Review, LLC v. Delta Career Educ. Corp., No. 11 CIV. 8921 DAB, 2013 WL 6670584, at *10 (S.D.N.Y. Mar. 29, 2013) (quoting Troll Co. v. Uneeda Doll Co., 483 F.3d 150, 158 (2d Cir. 2007)). In this case, the alleged infringement occurred on April 16, 2017, before the April 24, 2017 effective date of the copyright registration.

6

refile, it declines to do so here because Defendant's use of the Photograph is de minimis.

C. Whether the Photograph Constitutes De Minimis Use

"To prevail on a claim of copyright infringement, a plaintiff must prove that (1) unauthorized copying of the copyrighted work occurred, and (2) the infringing work is substantially similar." Gottlieb Dev. LLC v. Paramount Pictures Corp., 590 F. Supp. 2d 625, 631 (S.D.N.Y. 2008) (citing Tufenkian Imp./Exp. Ventures, Inc. v. Einstein Moomjy, Inc., 338 F.3d 127, 131 (2d Cir. 2003). To establish substantial similarity, a plaintiff must demonstrate that (a) "it was protected expression in the earlier work that was copied" and (b) "the amount that was copied is 'more than de minimis.'" Tufenkian, 338 F.3d at 131 (quoting Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc., 150 F.3d 132, 137-38 (2d Cir. 1998)).

Although courts are limited to facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint in ruling on a Rule 12(b)(6) motion to dismiss, DiFolco, 622 F.3d at 111, the Second Circuit has recognized that, in certain circumstances, a district court may appropriately resolve the question of substantial similarity "as a matter of law, 'either because the similarity between two works concerns only non-

7

copyrightable elements of the plaintiff's work, or because no reasonable jury, properly instructed, could find that the two works are substantially similar.'" Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d 57, 63 (2d Cir. 2010) (quoting Warner Bros. Inc. v. Am. Broad. Cos., 720 F.2d 231, 240 (2d Cir. 1983)). "When visual works are at issue and (as here) are attached to the pleadings or otherwise cognizable on a motion to dismiss, the Court must determine whether a reasonable jury could find substantial similarity based upon a comparison of the two works." Hirsch v. CBS Broad. Inc., No. 17 CIV. 1860 (PAE), 2017 WL 3393845, at *4 (S.D.N.Y. Aug. 4, 2017) (addressing de minimis argument on motion to dismiss). Accordingly, the Court considers Defendant's arguments here regarding de minimis use and evaluates Plaintiff's Video and Defendant's Article and Photograph in considering those arguments.

"To establish that the infringement of a copyright is de minimis, and therefore not actionable, the alleged infringer must demonstrate that the copying of the protected material is so trivial 'as to fall below the quantitative threshold of substantial similarity, which is always a required element of actionable copying.'" Sandoval v. New Line Cinema Corp., 147 F.3d 215, 217 (2d Cir. 1998) (quoting Ringgold v. Black Entm't Television, Inc., 126 F.3d 70, 74 (2d Cir. 1997)). In making

8

this assessment, "courts often look to the amount of the copyrighted work that was copied." Id. This quantitative component must be considered together with the qualitative similarity between the two works, with the Court "ask[ing] whether 'an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work.'" Hirsch, 2017 WL 3393845, at *3 (quoting Knitwaves, Inc. v. Lollytogs Ltd. (Inc.), 71 F.3d 996, 1002 (2d Cir. 1995)); see also Ringgold, 126 F.3d at 77.

        1.    Application to Defendant's Photograph

In a qualitative sense, Defendant's Photograph is an exact screenshot of Plaintiff's Video. However, in a quantitative sense, Defendant's use of Plaintiff's Video is trivial. An individual frame clearly represents an extremely small fragment of the whole Video. See, e.g., TufAmerica, Inc. v. WB Music Corp., 67 F. Supp. 3d 590, 595 (S.D.N.Y. 2014) (saying that to hold that one word out of a 2 minute and 35 second song constituted quantitatively significant, would be to "read the quantitative significance element out of the substantial similarity test"); Video-Cinema Films, Inc. v. Cable News Network, Inc., No. 98 CIV. 7128 (BSJ), No. 98 CIV. 7129 (BSJ), No. 98 CIV. 7130 (BSJ), 2001 WL 1518264, at *7 (S.D.N.Y. Nov. 28, 2001).

9

Plaintiff argues, drawing on <u>Ringgold v. Black Entertainment Television, Inc.</u>, 126 F.3d 70 (2d Cir. 1997), and its progeny, that the Court should consider the length of time his work is observable and its prominence and the fact that the screenshot from the Video is observable in its entirety. <u>Ringgold</u> and many of the cases cited by both parties, however, involve the display of copyrighted works in film or video. <u>See id.</u> at 72-73. While these cases provide legal guidance, they are factually inapposite. Unlike cases where defendants' works are films that show a copyrighted work for a period of seconds on screen, Defendant's allegedly infringing work is a still photograph, rather than a video. Thus, Plaintiff cannot use this line of cases to argue that the Photograph is a permanent fixture on the Website and that, therefore, Defendant's use is not <u>de minimis</u>.

<u>Kanongataa v. Coed Media Group, LLC</u>, 16 Civ. 7472 (LAK), involves nearly an identical fact pattern as here. In <u>Kanongataa</u>, a defendant reproduced a screenshot from Plaintiff's video and added written commentary. Complaint at 2-3, <u>Kanongataa v. Coed Media Group, LLC</u>, 16 Civ. 7472 (LAK), ECF No. 1. In an oral arguments involving motions to dismiss in that case and related cases, Judge Kaplan held that the use of the screenshot constituted <u>de minimis</u> use. Transcript of Oral Argument at

10

41:24, <u>Kanongataa v. Am. Broad. Co., Inc.</u>, 16 Civ. 7382 (LAK), ECF No. 34.

The Court here adopts Judge Kaplan's reasoning and holds that Defendant's Photograph constitutes <u>de minimis</u> use. Plaintiff's Complaint is therefore DISMISSED with prejudice.

D. Leave to Amend

When a complaint has been dismissed, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a court may dismiss without leave to amend when amendment would be "futile," or would not survive a motion to dismiss. <u>Hutchison v. Deutsche Bank Sec. Inc.</u>, 647 F.3d 479, 491 (2d Cir. 2011). Here, amendment would be futile because Defendant's use of the copyrighted work would still be <u>de minimis</u>. Accordingly, leave to amend is DENIED.

III. CONCLUSION

For the foregoing reasons, Defendant's Motions to Dismiss is GRANTED.

SO ORDERED.

DATED:   New York, NY
         March 23, 2018

*Deborah A. Batts*
Deborah A. Batts
United States District Judge

11